### W. H. TRAMMEL v. V. H. SHELTON ET AL.

#### Delivered February 26, 1898.

**1. Officer—Deputy Sheriff—Appointment.**

Where the oath of office of a deputy sheriff, as recorded, merely stated that he was sworn to serve a writ of garnishment, and failed to state that he was sworn to serve a citation, this did not render his service of the citation ineffectual, as he was a de facto, if not a de jure officer, and the attempted limitation of his authority to the service of those writs was void.

**2. Same—Statute Directory.**

The proviso of article 4896, Revised Statutes, that the sheriff shall not appoint more than three deputies in the justice precinct in which is located the county site, is directory merely, and its violation by the sheriff is not available upon a collateral attack on a service of process by one of the additional deputies.

APPEAL from Ellis. Tried below before Hon. J. C. SMITH.

*Lancaster, Beall & Gammon,* for appellant.

*C. M. Supple,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—Appellant instituted this suit in the County Court of Ellis County, Texas, on March 5, 1897, to set aside and enjoin execution of a judgment by default in said court, rendered at a prior term, to wit, on January 5, 1897, in favor of appellees herein, and against appellant as garnishee in a certain cause No. 1863 of said County Court, styled V. H. Shelton v. W. H. Trammel, garnishee, John Gilbreath defendant, for the sum of $246.91, with interest on $175.25 of said amount from date at the rate of 10 per cent per annum, and on $71.76 of said amount from January 1, 1897, at the rate of 6 per cent per annum, together with all costs in said garnishment suit and all costs in the original suit, to wit, No. 1862, V. H. Shelton v. John Gilbreath, said garnishment judgment No. 1863, and the judgment in the original suit cause No. 1862. Each judgment recites due service of writ of garnishment and citation, respectively. As ground for the relief asked, appellant set out in gist and substance the following:

1. That defendant, appellee, sued one John Gilbreath to the January term, 1897, of the County Court, for the sum of $246.91, and on the date of the filing thereof caused a writ of garnishment to issue ancillary thereto against appellant.

2. The plaintiff in said original garnishment suits, appellee herein, caused his clerk and collecting agent, J. T. Gill, to be appointed a "special deputy sheriff of Ellis County, Texas, to serve the citation in original cause No. 1862, and writ of garnishment, cause No. 1863." That said Gill took and subscribed an oath to "faithfully and impartially discharge and perform all the duties incumbent upon him as special deputy sheriff of Ellis County, Texas, for the purpose of serving writ of garnishment in case, V. H. Shelton v. John Gilbreath," said appointment being made and oath taken at the instance and under the supervision of said Shelton and his attorney. Said affidavit as subscribed made no mention of citation in the original suit.

3. That said Gill served the citation in cause No. 1862, and the writ of garnishment in cause No. 1863.

4. That on, to wit, January 5, 1897, judgment as above set out was rendered in the original cause No. 1862 against John Gilbreath, and in the garnishment, No. 1863, against W. H. Trammel, appellant herein.

5. That in the justice precinct in which the county site is located, and in which said process was sued out, and in which plaintiff, appellee herein, and his agent Gill resided, that the sheriff of Ellis County had the full number of deputies by law permitted to be appointed in and for said precinct then regularly acting and ready to act. That there was no necessity for the said Gill's appointment.

6. That appellee was seeking to execute said judgment against appellant.

Prayer was for decree setting said judgment aside and for an injunction restraining appellee herein from executing same.

Defendant, appellee, answered by general demurrer and general denial, subsequently by general and special exceptions.

Plaintiff replied by general and special exceptions. Defendant's demurrer was overruled. The case, both upon the law and upon the facts, was submitted to the court, and a trial resulted in a judgment for defendant, and plaintiff prosecutes his appeal.

Appellant's fourth assignment of error reads as follows: "The court erred in holding, as it must have held in order to render the judgment herein rendered, that J. T. Gill, the party whom the appellee sought to have appointed a special deputy sheriff in and for Ellis County for the purpose of serving citation in County Court, No 1862, V. H. Shelton v. John Gilbreath, and writ of garnishment in auxiliary proceeding thereto in same court, No. 1863, V. H. Shelton v. W. H. Trammel, garnishee, was either a de jure or a de facto officer."

This assignment and the proposition of appellant under it questions the authority of the sheriff of a county to appoint a special deputy, limiting the authority of such special deputy in the appointment to

the performance of certain special duties therein set out. On October 5, 1896, J. W. McCue, sheriff of Ellis County, Texas, made the following appointment:

"*State of Texas, County of Ellis.*—Know all men by these presents, that I, J. W. McCue, sheriff of Ellis County, have this day appointed J. T. Gill a special deputy sheriff of Ellis County for the purpose of serving in case of V. H. Shelton v. John Gilbreath a writ of garnishment on one Trammel, and also to serve citation on John Gilbreath in case of Shelton v. Gilbreath, and to remain in full force and effect until said service is obtained and return made.

"This October 5, 1896.

"J. W. McCue,
"Sheriff Ellis County, Texas."

On the same day said Gill took the oath of office, and it was recorded, as follows: "I, J. T. Gill, do solemnly swear (or affirm) that I will faithfully and impartially discharge and perform all the duties incumbent on me as special deputy sheriff of Ellis County, Texas, for the purpose of serving writ of garnishment in the case of V. H. Shelton v. John Gilbreath, according to the best of my skill and ability, agreeably to the Constitution of the United States and of this State; and I do further solemnly swear ( or affirm) that since the adoption of the Constitution of this State, I, being a citizen of this State, have not fought a duel with deadly weapons, within this State nor out of it, nor have I sent or accepted a challenge to fight a duel with deadly weapons, nor have I acted as a second in carrying a challenge, or aided, advised, or assisted any person thus offending. And furthermore, I do solemnly swear (or affirm) that I have not directly or indirectly paid, agreed or promised to pay, contributed or promised to contribute, any money or valuable thing, or promised any public office or employment as a reward for the giving or withholding a vote to secure my appointment, so help me God. J. T. Gill."

Sheriffs have power, by virtue of article 4876, Sayles' Civil Statutes, to appoint one or more deputies in their respective counties, to continue in office during the pleasure of the sheriff, who shall have power and authority to perform all the acts and duties of their principal, provided that the number of deputies appointed by the sheriff of any one county shall be limited to not exceeding three in the justice precinct in which is located the county site of such county, and a list of these appointments shall be posted up in a conspicuous place in the clerk's office, so that all can see them.

This provision of the statute is the only authority given the sheriff to appoint a deputy. Under it, when a deputy is appointed, he is authorized to perform all the acts and duties of the principal. Can a sheriff by virtue of this statute appoint a deputy to perform a single act stipulated in such appointment?

In the case of McClane v. Rogers, 42 Texas, 214, the sheriff being disqualified by reason of interest, the court upon application appointed a "special sheriff" to execute all process in the case. The person so appointed gave bond and took the oath of office. Upon an appeal of the case the Supreme Court held that there was no color of law for the appointment, and that such appointment was improper and unauthorized.

In that case the appointment was made by the court. There was no statutory authority authorizing the court to appoint a special sheriff, but when the sheriff was disqualified the statute made provision for the execution of process by the constable.

In the case of Thompson v. Johnson, 84 Texas, 548, an appointment by a district clerk of a "special deputy" and limiting his duties to the taking of an acknowledgment of a man and his wife to a deed, was held a good appointment as deputy, and the limitations in the appointment were held void. The acknowledgment of the husband and wife taken by such deputy was sustained. It was further said in that case that a verbal appointment would be sufficient to make the person appointed a de facto officer, and the fact that he did not qualify would have no controlling effect. That case is authority for the upholding of the appointment in this case. In this case the statute conferred authority upon the sheriff to appoint one or more deputies. The appointment evidences an intent upon the part of the sheriff to appoint Gill a deputy to serve the writ of garnishment and the citation therein mentioned. He could not under the statute limit the duties of a deputy appointed by him, but the duties conferred by statute would control. The limitations upon the appointment of J. T. Gill as special deputy sheriff in this case were void. Nor does the fact that the oath of office as recorded fails to state that he was sworn to serve the citation on Gilbreath affect the matter. The oral evidence fairly shows that the oath was administered to Gill to serve both the citation and the writ of garnishment. Acting under this appointment and qualification, J. T. Gill did serve the writ of garnishment and the citation. Under these facts, he was a de facto if not a de jure officer, and his acts in the premises must be sustained.

It is also insisted that J. T. Gill was in the employ of V. H. Shelton at the time of his appointment and at the time of serving the writs, and that he was thereby interested in the service of the same, and hence the service was void. The record does not show that Gill was in Shelton's employ at the time of his appointment and the making of the service.

It is further insisted by appellant that the sheriff had three deputies in the justice precinct for which this appointment was made at the time of making the same, and that under the statute he was not authorized to appoint more than that. The statute does say that the sheriff shall not appoint exceeding three deputies in the justice precinct in which is located the county site. This statute we think is directory, and that a violation of the same by the sheriff could not be taken advantage of in a proceeding of this kind.

The controlling question in the case is, was the judgment void? It was not void. Under this holding the judgment must be affirmed.

*Affirmed.*