437



OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Overruled by in part
Lyg. V-20

Hon. Curtis Renfro
County Attorney
Vernon, Texas

Dear Sir:

Opinion No. O-1896
Re: A sheriff has authority to appoint
an additional deputy, with the
approval of the commissioners'
court, to serve without any com-
pensation.

Your letter addressed to Gerald C. Mann, Attor-
ney General of Texas, has been referred to the writer.
A part of your letter reads as follows:

"The sheriff and his deputies in Wilbar-
ger County operate on a salary basis, and as
such, the sheriff had all of the deputies for
which salary is authorized in a particular
precinct in Wilbarger County. The sheriff
would now like to appoint as deputy an addi-
tional person who is to receive no compensa-
tion. The commissioners' court of Wilbarger
County is agreeable to the appointment, and
is agreeable to approving the appointment
of this deputy who is to serve without any
compensation.

"Please advise me if the Sheriff of
Wilbarger County may appoint such additional
deputy with the approval and consent of the
commissioners' court, to serve without any
compensation."

Your attention is directed to Article 3902, Re-
vised Civil Statutes of Texas, as follows:

"Whenever any district, county, or pre-
cinct officer shall require the services of
deputies, assistants or clerks in the perfor-

rance of his duties, he shall apply to the county commissioners' court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid...."

In connection with the above Article 3902, your attention is directed to Article 6869, Revised Civil Statutes of Texas, as follows:

"Sheriffs shall have the power, by writing, to appoint one or more deputies for their respective counties,....The number of deputies appointed by the sheriff of any one county shall be limited to not exceeding three in the justice precinct in which is located the county site of such county, and one in each justice precinct, and a list of these appointments shall be posted up in a conspicuous place in the clerk's office...."

This department has ruled prior to and since the enactment of the present salary bill under which Wilbarger County is now functioning that Article 6869, supra, has been superseded by Article 3902, supra.

Opinion No. O-12 addressed to the Hon. Chas. H. Theobald, County Attorney, Galveston, Texas, by Wm. J. Fanning, of January 5, 1939, holds that Article 6869 has been superseded and that the appointment of deputy sheriffs is in the sound discretion of the commissioners' court under Article 3902, using the following language:

"The Department is not in possession of any definite decision affecting the question on hand, and therefore must arrive at the conclusion that Art. 6869....which applies to the sheriffs under the fee law, has been superseded....by Article 3902....and by the Officers' Salary Law of the State of Texas.

"....It rests within the discretion of the Honorable Commissioners' Court of Galves-

ton County, Texas, as to the number of deputies which the sheriff should employ."

The following quotation is found in Tarrant County vs. Smith, 81 SW 2nd 537:

"The commissioners' court can limit the number and salary of deputy sheriffs, but they have no power over the naming of the individuals to be appointed, and are especially prohibited from attempting any such last named influence. R. S. Art. 3902."

Opinion No. O-925, directed to the Hon. R. S. Wyche, County Auditor, Gregg County, Longview, Texas, by Wm. J. R. King, of July 10, 1939, contains the following paragraph:

"In the case of Trammel vs. Shelton, 45 SW 319, the relevant provisions of Article 6869 substantially the same as enacted in 1889, which grants authority to the sheriff to appoint deputies and limits their number was held to be direc-tory. Such authority as was by this arti-cle and previously at common law given to the sheriff, was by general law superseded and vested in the commissioners' court under the provisions of Article 3902, supra. Such a construction as would har-monize the two articles, 6869 and 3902, supra, should be given with the latter article controlling. While said Article 6869 seeks to limit the discretion to be exercised by the sheriff, we cannot say that such article would, as a matter of law, restrict the power of the com-missioners' court under Article 3902, as amended, should the facts warrant the necessity for the appointment by the sheriff of more deputies, than would be permitted under the provisions of Article 6869."

Hon. Curtis Renfro, Page 4


Thus, we advise that the sheriff has authority, with the approval of the commissioners' court, to appoint an additional deputy to serve without any compensation.

Believing this to answer your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Pat Coon_

Pat Coon
Assistant

PC:AW

APPROVEDFEB 2, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

