

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

*Lee V-20 and R-2189 (H-50) where conflict—*

FAGAN DICKSON
FIRST ASSISTANT

October 19, 1948

Hon. John C. Marburger
County Attorney
Fayette County
La Grange, Texas

Opinion No. V-699

Re: Authority of a Sheriff to appoint more deputies than those authorized by Article 6869.

Dear Sir:

Your request for an opinion reads, in part:

"1. May a sheriff appoint more deputies than those authorized by Art. 6869 R.C.S. in a county having a population of about 30,000?

"2. If such special deputy sheriff commissions are authorized by law, would it be necessary to follow the strict procedure outlined in Art. 3902 R.C.S. in order to make such special deputy appointments valid?

"3. If the sheriff should issue such special deputy sheriff commissions to more persons than those authorized by Art. 6869, would it be unlawful for such special deputy sheriffs to carry a pistol?

"4. Would thse special deputy sheriffs have anymore authority to make arrests than any other citizen?"

We quote the following provisions of Article 6869:

"Sheriffs shall have the power, by writing, to appoint one or more deputies for their respective counties, to continue in office during the pleasure of the sheriff, who shall have power and authority to perform all the acts and duties of their principals; and every person so appointed

shall, before he enters upon the duties of his office, take and subscribe to the official oath, which shall be indorsed on his appointment, together with the certificate of the officer administering the same; and such appointment and oath shall be recorded in the office of the County Clerk and deposited in said office. The number of deputies appointed by the sheriff of any one county shall be limited to not exceeding three in the Justice precinct in which is located the county site of such county, and one in each Justice precinct, and a list of these appointments shall be posted up in a conspicuous place in the Clerk's office."

Article 3902, V. C. S., provides, in part:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office."

Your first question is answered by Attorney General's Opinion No. O-3925, which held:

"It is therefore our opinion that the sheriff of Wilbarger County is entitled to employ, in addition to a first deputy, as many additional deputies as he is authorized to employ by an order of the Commissioners' Court, acting upon application of the sheriff filed in accordance with the provisions of Article 3902."

This conclusion was based on Attorney General's Opinion No. 0-12 which held that Article 6869, V. C. S., which applied to sheriffs under the Fee Law had been superseded insofar as it applied to Galveston County by Article 3902, V. C. S.

We quote the following from Attorney General's Opinion No. 0-925:

"In the case of Trammel vs. Shelton, 45 SW 319, the relevant provision of Article 6869, substantially the same as enacted in 1889, which grants authority to the sheriff to appoint deputies and limits their number, was held to be directory. Such authority as was by this article and previously at common law given to the sheriff, was by general law superseded and vested in the commissioners' court under the provisions of Article 3902, supra. Such a construction as would harmonize the two articles 6869 and 3902, supra, should be given with the latter article controlling. While said Article 6869 seeks to limit the discretion to be exercised by the sheriff, we cannot say that such article would as a matter of law, restrict the power of the commissioners' court under Article 3902, as amended, should the facts warrant the necessity for the appointment by the sheriff of more deputies than would be permitted under the provisions of Article 6869."

In Opinion No. 0-6372 rendered by a former administration, it is stated:

"Therefore, in answer to your first question, you are respectfully advised that it is our opinion that the Sheriff of Kaufman County can appoint a deputy

sheriff with the approval of the commissioners' court, to serve without compensation.

"It is our further opinion that a deputy sheriff who is appointed in conformity with the foregoing statutes and who is serving without compensation would have the same authority to act in discharging his official duties as any other deputy sheriff appointed."

The appointment of deputies is governed by the provisions of Article 3902, V. C. S. and said appointments must be made in compliance with the procedure outlined therein. The number of deputies is not limited to that permitted under Article 6869, V. C. S. A citizen appointed in compliance with the provisions of Article 3902 possesses all the authority of a deputy sheriff as set out in Article 44, V. C. C. P., and has the right to carry a pistol while discharging official duties. Articles 231 and 888, V. C. C. P. provide for the appointment of a "special" deputy for the purpose of executing criminal process and while discharging his duty, he has a right to carry a pistol. Messer v. State, 40 S.W. 488 and Stephenson v. State, 249 S.W. 492. Therefore, only those "appointees" who are appointed in compliance with the provisions of Article 3902, V. C. S. or who are executing criminal process by virtue of the provisions of Articles 231 and 888, V.C.C.P. have the authority of deputy sheriff and the right to carry pistols. Other "appointees" have no more authority than private individuals.

## SUMMARY

Article 6869, V. C. S., which applied to sheriffs under the fee law, has been superseded by Article 3902, V. C. S., and the Officer's Salary Law insofar as it applies to salary counties. The number of deputies which may be allowed the sheriff under the provisions of Article 3902 is not limited to the number permitted under Article 6869.

Deputies appointed in compliance with the provisions of Article 3902, V. C. S. possess all the authority of regular de-

puties and may carry a pistol. If the appointment is not in compliance with Article 3902, such appointees possess no more authority than a private individual unless it is a special appointment under the provisions of Articles 231 or 888, V.C.C.P., to execute criminal process.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *John Reeves*

John Reeves
Assistant

JR:mw

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL