**Rena Joyce LANDRUM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–87–00277–CR to 05–00280–CR.**

Court of Appeals of Texas,
Dallas.

April 18, 1988.

Ronald D. Hinds, Dallas, for appellant.

Sharon Batjer, Dallas, for appellee.

Before WHITHAM, ROWE and THOMAS, JJ.

THOMAS, Justice.

Rena Joyce Landrum appeals two convictions for unlawful delivery of amphetamines, one conviction for possession of amphetamine, and one conviction for possession of cocaine. After accepting appellant's plea of nolo contendere in each case, the trial court sentenced her in each case to four years' confinement, probated for four years. In two points of error, appellant contends that the trial court erred in: 1) overruling her motion to suppress evidence obtained by police officers operating outside their geographical jurisdiction; and 2) overruling her motion to dismiss the indictments because of violations of the Speedy Trial Act. We conclude that the police officers were operating within their jurisdiction and that the Speedy Trial Act affords appellant no relief. Accordingly, we affirm the trial court's judgments.

The motion to suppress was decided upon the following stipulated facts. City of DeSoto police officer Paul Pothen left the city limits of DeSoto and ventured several miles within the city limits of Dallas to appellant's house. Officer Pothen was not in hot pursuit of a suspect and was not in the company of either a Dallas police officer or other form of police officer with general or special jurisdiction in the City of Dallas. At appellant's residence, Officer Pothen met appellant for the first time and purchased from her controlled substances.

Officer Pothen left appellant's house and returned with other DeSoto police officers. They were not in hot pursuit and, although "well within" the city limits of the City of

Dallas, were not accompanied by peace officers having general or special jurisdiction within the City of Dallas. The DeSoto officers arrested appellant and searched her home. They found substances the possession of which were violative of the Texas Controlled Substances Act. Appellant and the controlled substances were taken to the DeSoto police station. During interrogation at the DeSoto police station, appellant made certain inculpatory statements.

Based upon these stipulated facts, the trial court overruled the motion to suppress the evidence and the inculpatory statements. In her first point of error, appellant contends that the trial court erred in overruling the motion because the contraband and incriminating statements were obtained pursuant to an illegal arrest. The arrest was illegal, she argues, because the DeSoto police officers lack the jurisdiction to conduct investigations outside the city limits of DeSoto.

At common law, the city policeman's authority and jurisdiction extended only so far as the city limits. *See Love v. State*, 687 S.W.2d 469, 471 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd). The Court of Criminal Appeals has recognized that the legislature has modified that common law rule by statute. *See Angel v. State*, 740 S.W.2d 727, 733 (Tex.Crim.App. 1987). The statutes provide that a city police officer has "the powers, rights, and jurisdiction of a marshall of a Type A general-law municipality." TEX.LOCAL GOV'T CODE ANN. § 341.001(e)(1) (Vernon Pamph.1988) (formerly TEX.REV.CIV. STAT.ANN. art. 998). A marshall "has the same power and jurisdiction as the county sheriff to execute warrants, to prevent and suppress crime, and to arrest offenders." TEX.LOCAL GOV'T CODE ANN. § 341.021(e) (Vernon Pamph 1988) (formerly TEX.REV.CIV.STAT.ANN. art. 999). A county sheriff's jurisdiction is county-wide. TEX.CODE CRIM.PROC.ANN. art. 2.17 (Vernon 1977). Thus, as a matter of stat-

ute, a city police officer has county-wide jurisdiction. *See Angel*, 740 S.W.2d at 733.

Appellant concedes that *Angel* allows a city police officer to make a warrantless arrest outside the city limits. She argues, however, that such an arrest may be made only when by chance a malfeasor is within an officer's view when committing a crime.[1] She contends that a police officer may not investigate criminal activity outside the city limits. Appellant argues, therefore, that her arrest was tainted by investigation outside the officer's geographical jurisdiction.

We are not called upon to decide the wisdom of mounting a full-blown criminal investigation in a city without the cooperation of that city's police force. That is a matter of police policy not the concern of this court. Our responsibility is to interpret the relevant statutes to determine, without regard to the prudence of such police activity, whether a city officer's jurisdiction to investigate extends throughout the county as does his jurisdiction to arrest.

In *Angel*, the Court of Criminal Appeals held that arrest jurisdiction was county-wide because the statute provided that city marshalls—and, consequently, city police officers—" '[i]n the ... *arrest of offenders*, ... shall have, possess and execute like power, authority and *jurisdiction* as the sheriff.' " *Angel*, 740 S.W.2d at 733 (quoting article 999, now section 341.021(e) of the Local Government Code).

The statutory language is not, however, limited to the "arrest of offenders." The statute also gives city marshalls county-wide jurisdiction "to prevent and suppress crime." TEX.LOCAL GOV'T CODE ANN. § 341.021(e) (Former article 999 provided for county-wide jurisdiction "[I]n the prevention and suppression of crime"). Investigation of suspected criminal activity results in the prevention and suppression of crime. Thus, DeSoto police officers

---

1. In *Angel*, Tomball police officers patrolling outside Tomball city limits happened to see a person driving a piece of heavy road paving equipment without any lights after dark. After stopping the driver, they discovered two outstanding traffic warrants and noticed that the vehicle appeared to be hot-wired. Angel was arrested "for the traffic warrants" and "for investigation of the possible theft."

have jurisdiction to conduct investigations and arrest offenders in the prevention and suppression of crime anywhere within the county, including Dallas, Texas. The statutes do not limit city police officers' county-wide jurisdiction to serendipitous arrests. We hold that appellant's arrest was not tainted by illegal pre-arrest investigation. Point of error one is overruled.

■ In her second point of error, appellant contends that the trial court erred in denying her motion for dismissal under the Texas Speedy Trial Act. The Court of Criminal Appeals has held that by adopting the Act, the legislature violated article II, section 1 of the Texas Constitution (separation of powers doctrine) by encroaching upon the prosecutor's exclusive prosecutorial discretion in preparing for trial. *Meshell v. State*, 739 S.W.2d 246, 257 (Tex. Crim.App.1987). Therefore, the Act and its enforcement mechanism, article 28.061 of the Code of Criminal Procedure, are void, and cannot provide appellant any relief. *Meshell*, 739 S.W.2d at 258. Accordingly, we overrule appellant's second point of error.

Having overruled appellant's two points of error, we affirm the judgment of the trial court.