**William Lawrence BRITT, Appellant,**

v.

**STATE of Texas, State.**

**No. 2–88–036–CR.**

Court of Appeals of Texas,
Fort Worth.

April 13, 1989.

Max Blankenship, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., C. Chris Marshall, Asst. Criminal Dist. Atty., Chief of Appellate Section, Gary Medlin, David K. Chapman, Asst. Criminal Dist. Attys., Fort Worth, for the State.

Before JOE SPURLOCK, II, LATTIMORE and MEYERS, JJ.

## OPINION

MEYERS, Justice.

A jury found William Lawrence Britt guilty of possession with intent to manufacture a controlled substance, namely: amphetamine of less than twenty-eight grams. Britt elected to have the jury assess punishment and he was sentenced to eleven years confinement in the Texas Department of Corrections. Britt raises three points of error; each challenges the right of city police to execute a search warrant outside city limits. As all three points of error are based on the premise that city police officers may not execute search warrants outside city limits, they will be addressed jointly.

The warehouse units Britt has leased which were searched were located outside Arlington city limits in Kennedale, Texas. Both Arlington and Kennedale are in Tarrant County. Britt contends that although the search was conducted pursuant to a warrant and in Tarrant County, Arlington police officers did not have the authority to conduct the search outside Arlington city limits. We affirm because we find city police officers have jurisdiction to conduct county-wide searches.

The Arlington police searched Britt's leased warehouse units during the evening of April 9, 1986. The statute in effect at that time governing city police jurisdiction provided city police officers "have like powers, rights and authority as are by said title vested in city marshals." TEX.REV.CIV.STAT.ANN. art. 998 (Vernon 1963), *recodified at* TEX.LOCAL GOV'T CODE ANN. sec. 341.001 (Vernon 1988). The companion statute provided city marshals "have like power, with the sheriff of the county, to execute warrants." TEX.REV.CIV.STAT.ANN. art. 999 (Vernon 1963), *recodified at* TEX.LOCAL GOV'T CODE ANN. sec. 341.021 (Vernon 1988). Consequently, city police have the same powers, rights, and authority as sheriffs, who have county-wide jurisdiction. It thus follows that city police must also have county-wide jurisdiction "to execute warrants." As we interpret "warrants" to include search warrants, we hold the plain reading of the statutes decrees city police have county-wide jurisdiction to execute search warrants.

This result is consistent with the Court of Criminal Appeals' decision that city police have county-wide jurisdiction to arrest offenders, *Angel v. State*, 740 S.W.2d 727 (Tex.Crim.App.1987), and the Fifth District Court of Appeals' determination that city police have county-wide jurisdiction to conduct criminal investigations. *Landrum v. State*, 751 S.W.2d 530 (Tex.App.—Dallas 1988, pet. pending). The *Angel* court relied on the provision of article 999 which held

marshals, and hence city police, in the *"arrest* of offenders ... possess and execute like power, authority, and jurisdiction as the sheriff." TEX.REV.CIV.STAT.ANN. art. 999 (Vernon 1963) (emphasis added). The *Landrum* court recognized the statute in its original form and as recodified is not limited to the arrest of offenders. Rather, city police have the same power and jurisdiction as marshals and sheriffs "to prevent and suppress crime." TEX.LOCAL GOV'T CODE ANN. sec. 341.021(e) (Vernon 1988), *formerly* TEX.REV.CIV.STAT. ANN. art. 999 (Vernon 1963). Under both the former statute, which applies to the search in question, and the statute as it presently exists, city police also have the same power as marshals and sheriffs "to execute warrants." TEX.REV.CIV.STAT. ANN. art. 999 (Vernon 1963), *recodified at* TEX.LOCAL GOV'T CODE ANN. sec. 341.021(e) (Vernon 1988). Our interpretation of the warrants provision of the statute is consistent with the *Angel* and *Landrum* courts' interpretation of the arrest and suppression of crime provisions.

Britt's reliance on *Irwin v. State,* 177 S.W.2d 970 (Tex.Crim.App.1944) and *Love v. State,* 687 S.W.2d 469 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd) is misplaced as the common-law rule limiting a city police officer's authority to the city limits has been statutorily overruled. *See Angel,* 740 S.W.2d at 733; *Landrum,* 751 S.W.2d at 531. As Arlington police officers had the authority to conduct the search in Kennedale, the trial court was correct in overruling Britt's motion to suppress the evidence, admitting into evidence the products of the search, and refusing to submit a jury charge which incorrectly stated the law regarding city police officers' authority. Britt's three points of error are overruled.

The judgment is affirmed.