Rena Joyce LANDRUM, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 0585–88 to 0588–88.

Court of Criminal Appeals of Texas, En Banc.

Sept. 12, 1990.

Rehearing Denied Oct. 17, 1990.

Ronald D. Hinds, Dallas, for appellant.

John Vance, Dist. Atty., and Sharon Batjer, Steve Miller and Heidi Akins, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

PER CURIAM:

Appellant's petitions for discretionary review refused.

CLINTON, Judge, dissenting, to refusal of appellant's petition for discretionary review.

Relying primarily on the plurality opinion in *Angel v. State*, 740 S.W.2d 727 (Tex.Cr. App.1988), and certain provisions in the Texas Local Government Code, the court of appeals concluded that "DeSoto police officers have jurisdiction to conduct investigations and arrest offenders in the prevention and suppression of crime anywhere within the county, including Dallas, Texas." *Landrum v. State*, 751 S.W.2d 530, 531–532 (Tex.App.—Dallas 1988).

To thus extend the traditional bailiwick of a municipal police force, i.e., the territorial boundaries for exercise of power and authority by its police officers, is obviously a matter of grave importance in this state; it has not been but should be settled by this Court. Tex.R.App.Pro. Rule 200(c)(2).

See, e.g., Reamey & Harkins, *Warrantless Arrest Jurisdiction: An Analysis and a Proposal,* 19 St. Mary's L.J. 857, at 877–888 (1988).

Without at all intimating what our own determination might be, I would therefore grant the petition to examine and consider the broad holding of the court of appeals.

Because the majority does not, I respectfully dissent.