Hodges v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-353-CR





BENSON THOMAS HODGES,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL

DISTRICT


NO. 91-098-K277, HONORABLE JOHN R. CARTER, JUDGE



 




PER CURIAM



 The trial court found appellant guilty of possessing more than 50 pounds of
marihuana and assessed punishment at imprisonment for 75 years and a $10,000 fine. Tex.
Health & Safety Code Ann. § 481.121 (Pamph. 1992). In a single point of error, appellant argues
that the trial court erred in overruling his motion to suppress the marihuana on which the
conviction was based. We will affirm the judgment of conviction.

 Shortly after midnight on February 11, 1991, Round Rock police officers Lee and
Avila were patrolling IH-35 when they stopped at a rest area. With Lee was Kimbo, a trained and
certified narcotics-detection dog. Lee gave Kimbo the command to search for drugs, and Kimbo
alerted, or indicated the presence of drugs, on one of the parked cars. Lee walked Kimbo a short
distance away, then returned. Kimbo again alerted on the car. Lee then commanded Kimbo to
get as close as he could to the substance, and Kimbo indicated the right-hand edge of the trunk
lid. Lee led Kimbo to two other cars, to which he did not react, and then returned to the first car,
on which Kimbo alerted a third time.

 The officers noticed a male sleeping in the front seat of the car. They decided to
move their patrol cars closer to shine their lights on the suspect car for safety, but by the time Lee
returned, the car had left. Lee drove onto IH-35 and caught up with the car on the expressway
several miles from the rest area. Lee stopped the car and told appellant, who was driving, that
his dog had indicated that a controlled substance was present in the vehicle. Appellant refused
permission to search his car. Lee commanded Kimbo to search for drugs, and Kimbo again
indicated the right edge of the car's trunk lid. Avila, who had caught up with Lee, took the car
keys from the ignition and gave them to Lee, who opened the trunk. Inside, the officers found
two boxes and a brick of marihuana, weighing in total 104.7 pounds. 

 Appellant claims that the officers lacked probable cause to search his car when they
took the keys from the ignition and opened the trunk. (1) The exposure of an object located in a
public place to a trained canine does not constitute a search requiring probable cause under the
fourth amendment. U.S. v. Place, 462 U.S. 696 (1983); Crockett v. State, 803 S.W.2d 308, 310,
n.5 (Tex. Crim. App. 1991); Strout v. State, 688 S.W.2d 188 (Tex. App. 1985, no pet.). 
Further, the United States Supreme Court has recognized that the positive result of a canine's
sniffing for drugs provides probable cause for an arrest. Florida v. Royer, 460 U.S. 491, 506
(1983); see also Walsh v. State, 743 S.W.2d 687 (Tex. App. 1987, no pet.). Therefore, Kimbo's
alert on appellant's car in this case gave the officers probable cause to believe that contraband was
present in the car. A car may be searched without a warrant as long as there is probable cause
to believe that the car is carrying contraband. Chambers v. Maroney, 399 U.S. 42 (1970); Carroll
v. United States, 267 U.S. 132 (1925); Christopher v. State, 639 S.W.2d 932, 935 (Tex. Crim.
App. 1982).

 Appellant also argues that the police officers, who were employed by the City of
Round Rock, lacked authority to act in Georgetown. This Court may judicially notice that both
Round Rock and Georgetown are in Williamson County. Cavazos v. State, 668 S.W.2d 435, 438
(Tex. App. 1984, pet. ref'd); Tex. R. Crim. Evid. Ann. 201 (Pamph. 1991). Because a city
police officer has county-wide jurisdiction, officers Lee and Avila had the authority to stop and
search appellant's car in Georgetown. Tex. Loc. Gov't Code Ann. §§ 341.001, .021 (1988);
Landrum v. State, 751 S.W.2d 530 (Tex. App. 1988), pet. ref'd per curiam, 795 S.W.2d 205
(Tex. Crim. App. 1990); Angel v. State, 740 S.W.2d 727 (Tex. Crim. App. 1987). The point
of error is overruled.

 We affirm the judgment of conviction.


[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: February 19, 1992

[Do Not Publish]
1. [1] In his brief, appellant does not distinguish between state and federal constitutional bases for
his claim. See U.S. Const. amend. IV; Tex. Const. art. I, § 9; Heitman v. State, 815 S.W.2d 681
(Tex. Crim. App. 1991). Because appellant has not argued it, we will consider any state
constitutional ground waived and address only federal constitutional grounds. See Tex. R. App.
P. Ann. 74(f) (Supp. 1991); Morehead v. State, 807 S.W.2d 577, 579, n.1 (Tex. Crim. App.
1991); McCambridge v. State, 712 S.W.2d 499, 501-02, n.9 (Tex. Crim. App. 1986).