

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 29, 1993

Honorable Tracey Bright
County Attorney
Ector County Courthouse, Room 201
Odessa, Texas 79761

Opinion No. DM-212

Re: Whether a school district may contract with off-duty police officers and deputy sheriffs for security services, and related questions (RQ-427)

Dear Ms. Bright:

You have requested an opinion from this office regarding the Ector County Independent School District's practice of hiring off-duty peace officers to provide security services. You indicate that the district maintains its own security department and officers under section 21.483 of the Education Code, but that it often needs additional officers to provide security at various school events, including football games, basketball games, and play nights. The district obtains the additional officers by contracting directly with off-duty peace officers in the community, including off-duty City of Odessa Police Officers, Ector County Sheriff's Department Deputies, and Texas Department of Public Safety Officers. The City of Odessa claims that this practice violates article XVI, section 40 of the Texas Constitution, which prohibits one person from holding or exercising more than one "civil office of emolument."

Your request raises three specific questions. The first question is whether a city police officer may contract directly with the school district to serve as a part-time security officer without violating article XVI, section 40 of the Texas Constitution. The second question raises the same issue with respect to sheriff's deputies. Because you have not asked about police officers or sheriff's deputies who occupy any particular rank, we will assume that you are asking whether all city police officers and sheriff's deputies are prohibited as a matter of law from serving as part-time security officers for the school district by article XVI, section 40. Your third question is whether the school district can contract directly with a private security service.

Article XVI, section 40 applies to people who profit monetarily from "civil offices." Attorney General Opinion MW-450 (1982) at 1. We assume that the police officers and sheriff's deputies involved here are paid both by the city or county and by the school district. Thus, to answer the first two questions raised by your request we must address whether the city police officers or sheriff's deputies hold "civil offices" as that term is used in article XVI, section 40. We must also address whether security officers for school districts hold "civil offices."

We conclude that neither city police officers nor sheriff's deputies hold civil offices within the meaning of article XVI, section 40 as a matter of law. We also conclude that security officers for school districts do not hold civil offices as a matter of law. Depending on the factual circumstances of their employment, however, some such individuals may hold civil offices. As will be discussed below, the determination whether a particular police officer, sheriff's deputy, or security officer holds a civil office depends upon the resolution of factual issues and is therefore not amenable to the opinion process.

In the past, this office has concluded that city police officers and sheriff's deputies, as well as other peace officers,[1] hold civil offices within the meaning of article XVI, section 40 as a matter of law. Letter Advisory No. 63 (1973) (overruled on other grounds); Attorney General Opinion V-70 (1947). However, we now believe that the Texas Courts would apply the test adopted by the Texas Supreme Court in *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955), and would conclude that at least some city police officers, sheriff's deputies, and security officers do not hold civil offices. Therefore, we overrule our previous opinions to the contrary.

The Texas Supreme Court has held that the decisive factor distinguishing a public officer from a public employee is "whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public *largely independent of the control of others*." *Aldine*, 280 S.W.2d at 583 (quoting *Dunbar v. Brazoria County*, 224 S.W.2d 738, 740-41 (Tex. Civ. App.--Galveston 1949, writ ref'd) (emphasis supplied by the court in *Aldine*). In *Aldine*, this factor led to the conclusion that the tax assessor-collector of a school district was not an officer with a two-year term of office under article XVI, section 30 of the Texas Constitution and who could be removed only as provided in article V, section 24 of the Texas Constitution. *Aldine*, 280 S.W.2d at 585. In reaching this conclusion, the court noted "an assessor-collector of taxes appointed by a school board is not only not of equal power and privileges with the trustees; but, on the contrary, is only *an agent or employee* of such school board at its discretion." *Id.* at 582-83 (emphasis added). Moreover, the court acknowledged that assessing and collecting taxes is part of the sovereign power of the state, but concluded that the constitution and statutes gave this power to the school board, not to the assessor-collector of taxes for the school district. *Id.* at 583. Although the court in *Aldine* talks about "public officers" rather than persons who hold "civil offices," in later decisions both the Texas Courts of Appeals and this office have used this test to determine whether a particular position is a civil office under article XVI, section 40 of the Texas Constitution. *See Ruiz v. State*, 540 S.W.2d 809 (Tex. Civ. App.--Corpus Christi 1976, no writ); Attorney General Opinion MW-415 (1981).

_____

[1] City police officers, sheriff's deputies, and security officers for school districts are all peace officers. *See* Code Crim. Proc. art. 2.12; Educ. Code § 21.483; Attorney General Opinion JM-239 (1984) at 3.

In more recent decisions, both the Texas Supreme Court and the courts of appeals have further emphasized that an office involves not only the authority to perform certain sovereign functions, but also the authority to perform these functions largely independent of the control of others. In other words, individuals who perform sovereign functions under the direction of another are not officers. *See, e.g., Green v. Stewart*, 516 S.W.2d 133, 136 (Tex. 1974); *Harris County v. Schoenbacher*, 549 S.W.2d 106, 111 (Tex. Civ. App.--Houston [1st Dist.] 1979, no writ). For example, in *Schoenbacher*, the court held that a chief juvenile probation officer was not an officer for the purposes of a statute authorizing a county commissioners' court to deduct amounts from the salary of an officer who is charged with collecting a fee and negligently fails to collect it. Although the court acknowledged that the statute conferred upon the chief juvenile probation officer the authority to perform certain sovereign functions, it concluded that he could not exercise these functions largely independent of the control of the juvenile board and, thus, was not an officer within the meaning of the Texas Constitution. Similarly, in *Ruiz*, 540 S.W.2d at 812, the court held that a teacher was not an officer, in part, on the grounds that he had no voice in establishing policy and was only to carry out the policy of the school board and the school administrators.

In contrast, the previous decisions holding that peace officers are officers focused on whether the position was invested with some portion of the sovereign function, even if the person in the position acted as an agent for a principal. For example, in holding that a deputy constable is an officer authorized by law to demand or receive fees of office, the court of criminal appeals stated:

> It is well settled that a deputy sheriff is a public officer. He is invested by law with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public. Deputy constables are provided for by law and qualify in the same manner as deputy sheriffs. They are also vested by law with some portion of the sovereign functions of the government, to be exercised by them for the benefit of the public. *They are public officers clothed with the power and authority of their principals.*

*Murray v. State*, 67 S.W.2d 274, 276 (Tex. Crim. App. 1933) (citations omitted) (emphasis added); *see also Rich v. Graybar Elec. Co.*, 84 S.W.2d 708, 709 (Tex. 1935) (holding that the sureties on the official bond of the constable can be held liable for the failure or refusal of a deputy of the constable to levy upon or sell property subject to execution).

Furthermore, most of the previous decisions dealt with issues other than whether a peace officer holds a civil office under article XVI, section 40. In *Ex parte Preston*, 161 S.W. 115 (Tex. Crim. App. 1913), the court of criminal appeals held that a Houston police officer was a *state* officer under a statute that prohibited impersonating a "judicial or executive officer of this state, or a justice of the peace, sheriff, deputy sheriff, constable or

any other judicial or ministerial officer of any county in the state." In *Murray*, 67 S.W.2d at 274, the court addressed whether a deputy constable was an officer under article 365 of the 1925 Penal Code, which prohibited any officer from collecting a fee not allowed by law, a fee for any service not performed, or any fee in excess of the fee allowed by law for a service. In *Rich*, 84 S.W.2d at 710, the commission of appeals concluded that a constable was responsible for the failure of a deputy constable to perform the duties required of him and, thus, that sureties on the constable's official bond could be held liable for the deputy's failure. In the course of reaching this conclusion, the commission cited *Murray* for the proposition that a deputy constable is a public officer. Finally, in *Simpson v. State*, 137 S.W.2d 1035, 1036 (Tex. Crim. App. 1940), the court held that a city police officer was a public official who could be guilty of "official misconduct."

The only court decision expressly stating that a peace officer is an officer for the purposes of article XVI, section 40 is *Irwin v. State*, 177 S.W.2d 970 (Tex. Crim. App. 1944). In that case, the defendant challenged his conviction on the grounds that the police officers executing the search warrants and making the searches were not authorized to do so and that, as a result, the searches constituted illegal searches and seizures under the state and federal constitutions. The defendant resided in Harris County, outside of Houston, and the search warrants were addressed to the "Sheriff or any Constable of Harris County." The particular police officers involved were, however, Houston city police officers, two of whom carried commissions as Special Deputy Sheriffs of Harris County. These two police officers argued that they conducted the searches as deputy sheriffs under their special commissions. The court rejected this argument on the grounds that article XVI, section 40 prevented one person from being both a city police officer and a deputy sheriff at the same time.

The result reached in *Irwin* is no longer the law in Texas; city police officers now have county-wide jurisdiction. *See Angel v. State*, 740 S.W.2d 727 (Tex. Crim. App. 1987) (holding that V.T.C.S. articles 998, 999, now sections 341.001(e)(1) and 341.021(e) of the Local Government Code, give city police officers and city marshalls county-wide jurisdiction for warrantless arrests); *Britt v. State*, 768 S.W.2d 514 (Tex. App.--Fort Worth 1989, no writ) (holding that sections 341.001(e)(1) and 341.021(e) of the Local Government Code give city police officers and city marshalls county-wide jurisdiction to execute search warrants). Moreover, the reasoning in *Irwin* is inconsistent with *Aldine* and its progeny.

At least some city police officers perform their duties under the direction and control of others. The Local Government Code gives municipalities organized and operating under general law the authority to establish and regulate their own police forces. *See* Local Gov't Code §§ 341.001(a), 341.002. Similarly, home-rule cities are empowered to provide for police departments. *See id.* § 341.003. Nothing in the statutes requires municipalities to permit each police officer to exercise his or her functions largely independent of the control of others. Furthermore, the Texas Supreme Court has held that

two Dallas police officers were not officers who could recover emoluments for unexpired terms after being discharged without formal removal proceedings. *City of Dallas v. McDonald,* 103 S.W.2d 725 (Tex. 1937), *rev'g* 69 S.W.2d 175 (Tex. Civ. App.--Dallas 1934). Therefore, we cannot say, as a matter of law, that all city police officers are civil officers under article XVI, section 40 of the Texas Constitution.

The statute permitting a sheriff to appoint deputies makes the position of deputy sheriff slightly different from that of a city police officer. The statute provides that deputy sheriffs "have the power and authority to perform all the acts and duties of their principal." Nearly a century ago, this language was interpreted to mean that a sheriff could not appoint a "special deputy" with the authority to perform only some acts. *Trammel v. Shelton,* 45 S.W. 319 (Tex. Civ. App. 1898). Thus, the statute restricts a sheriff's authority to define the agency relationship with his or her deputies.

We do not believe, however, that this limitation on the sheriff's authority makes all sheriff's deputies civil officers as a matter of law for the purposes of article XVI, section 40. Although the statute controls part of the agency relationship between a sheriff and his or her deputy, it does not alter the essential nature of the relationship. A deputy sheriff is still an agent of the sheriff and subject to the orders of the sheriff. *Naill v. State,* 129 S.W. 630, 631 (Tex. Crim. App. 1910) (defining deputy as "a person appointed to act for another, a substitute, a delegate, an agent"); Attorney General Opinion O-1263 (1939) at 1. A deputy sheriff still derives his or her authority from the sheriff and is not authorized to perform duties not assumed by the sheriff and delegated to the deputy. Attorney General Opinion H-727 (1975). In addition, sheriffs are responsible for the official acts of their deputies. Local Gov't Code § 85.003(d); *Heye v. Moody,* 4 S.W. 242, 243 (Tex. 1887). Furthermore, at least some deputy sheriffs serve at the pleasure of the sheriff.[2] Local Gov't Code § 85.003(c). Thus, although no sheriff can limit the authority of a deputy sheriff to only certain functions, some sheriffs can simply fire a deputy who attempts to exercise any other authority.

For these reasons, we believe that the Texas courts would no longer follow the reasoning in *Irwin* to find that city police officers and deputy sheriffs hold civil offices as a matter of law under article XVI, section 40 of the Texas Constitution. Thus, we conclude that Odessa City Police Officers and Ector County Sheriff's Deputies are not as a matter of law prohibited from serving as part-time security officers for the Ector County Independent School District.

---

[2]Section 85.003(c) of the Local Government Code provides that a deputy sheriff serves at the pleasure of the sheriff. However, if a particular department adopts the Sheriff's Department Civil Service System, the civil service commission has the authority to adopt and enforce employment rules for deputy sheriffs. Local Gov't Code §§ 158.031(3) (making deputy sheriffs employees under the act and thus subject to the act), 158.035 (establishing the powers of the civil service commission).

We also conclude that security officers for school districts do not as a matter of law hold civil offices under article XVI, section 40. Like in the statutes governing city police officers, nothing in the statutes governing security officers for school districts requires the district to permit each officer to exercise his or her functions largely independent of the control of others. The statute provides that a school board may employ security officers " for the purpose of carrying out the provisions of [subchapter M of chapter 21 of the Education Code]" and that these officers are "vested with all the powers, privileges, and immunities of peace officers while on the property under the control and jurisdiction of the district or otherwise in the performance of his duties." Educ. Code § 21.483. This office has interpreted this language as giving the school boards the authority to define the duties of district security officers. Attorney General Opinion JM-239 (1984) at 4. Thus, the school boards retain the authority to control the manner in which district security officers perform their duties.

We are unable to determine, however, whether any particular police officer, sheriff's deputy, or security officer for a school district holds a civil office as that term is used in article XVI, section 40. Making this determination raises fact questions, which we cannot address in the opinion process. Therefore, even if we had the relevant facts, we would be unable to tell you whether a particular city police officer or deputy sheriff is prohibited from serving as a security officer for the Ector Independent School District.

In response to your second question, we can find nothing in Texas law that would prevent a school district from contracting directly with a private security service for security officers. Of course, the contract must comply with sections 21.308 and 21.483 of the Education Code, and the security service must be licensed under article 4413(29bb), V.T.C.S.

## S U M M A R Y

Article XVI, section 40 does not as a matter of law prohibit city police officers and sheriff's deputies from serving as part-time security officers for a school district. City police officers, sheriff's deputies, and school-district security officers do not hold "civil offices" as a matter of law as that term is used in article XVI, section 40. Previous attorney general's opinions concluding to the contrary are overruled. We cannot determine, however, whether article XVI, section 40 prohibits any particular police officer or sheriff's deputy from serving as a security officer for a school district. Determining whether a particular city police officer, sheriff's deputy, or school-district security officer hold a civil office raises questions of fact, which cannot be addressed in the opinion process.

We can find nothing in Texas law that would prevent a school district from contracting with a private security service for security officers.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Margaret A. Roll
Assistant Attorney General