### GEARY NEWBURN V. B. A. DURHAM ET AL.
#### No. 299.

1. **City Marshal—His Power.**
    The marshal of a town incorporated under the general laws of the State, by virtue of his office, under the circumstances specified in article 229 of the Code of Criminal Procedure, can lawfully arrest one accused of a felony committed outside the limits of his town, but within the county......... 289

2. **Marshal as Peace Officer.**
    Under the circumstances named in article 229, Code of Criminal Procedure, a marshal of a town incorporated under the general law can exercise the power conferred by said article upon peace officers beyond the limits of his town, where the arrest is for a felony committed within the county, although not within his town ....................................... 289

3. **Marshal Has Powers of Sheriff.**
    Under article 363, Code of Criminal Procedure, the marshal of a city or town has the same power that the sheriff of the county has in the matter of the prevention and suppression of crime and arrest of offenders .............. 289

QUESTIONS CERTIFIED from the Court of Civil Appeals for First District, in an appeal from Anderson County.

*T. B. Greenwood & Son* and *A. G. Greenwood,* for appellant.

*J. R. Burnett,* for appellees.

DENMAN, ASSOCIATE JUSTICE.—The Court of Civil Appeals have certified to this court the following questions:

"1. Can the marshal of a town incorporated under the general laws of this State, by virtue of his office, under the circumstances specified in article 229 of the Code of Criminal Procedure, lawfully arrest one beyond the limits of the town for a felony committed within the county, but not within the town? Or in other words, can the marshal of such town exercise the powers conferred in said article upon a peace officer beyond the limits of his town, save when the arrest is made for a felony committed within the corporate limits of the town?

"2. If a marshal of such town, without authority of law, arrest a person several miles beyond the limits of his town, the arrest being made upon a charge of felony committed within the county, but several miles from the town, and the person so illegally arrested be taken against his will by his captor within the town, and by him be there illegally restrained of his liberty for a short time, are the sureties of the marshal made liable, jointly with him, in damages to the party so wrongfully deprived of his liberty, by the fact that the false imprisonment, which commenced beyond the limits of the town, was by the marshal, under color of his office, continued for a short while within the town?"

· Independent of statutes, the authority or jurisdiction of the marshal would not extend beyond the city limits. 3 Harr. (Del.), 416.

The question then is, have the statutes of this State extended the authority of the marshal, in the matter of making arrests, beyond the city limits?

Article 229 of the Code of Criminal Procedure provides, that "Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the person accused."

Article 44 of the Code of Criminal Procedure is as follows: "The following are 'peace officers': the sheriff and his deputies, constable, the marshal, constable, or policeman of an incorporated town or city, and any private person specially appointed to execute criminal process."

Article 363 of the Revised Statutes, after defining the power of the marshal as to city matters, provides, that "in the prevention and suppression of crime and arrest of offenders he shall have, possess, and execute like power, authority, and jurisdiction as the sheriff of a county under the laws of the State."

The first two statutes above quoted confer upon the marshal power to arrest in the particular case without warrant, but do not expressly authorize such arrest beyond the city limits. The implication to that effect is, however, strong, for he is placed in the same class with other officers whose jurisdiction in making such arrest undoubtedly extends to the limits of the county, without any intimation that the authority conferred upon him was intended to be more circumscribed as to territory than that of other members of his class.

However this may be, we are of the opinion that the language quoted from article 363 above, was intended, "in the prevention and suppression of crime and arrest of offenders" under the State law, to confer upon the marshal the "power, authority, and jurisdiction" of a sheriff.

Thus again we are directed by the Legislature to look solely to the sheriff's "power, authority, and jurisdiction," in order to determine that of the marshal in making arrests of offenders against the State

law, without any intimation that the "power, authority, or jurisdiction" of the latter was to be more circumscribed than that of the former.

Power and authority as applied to executive officers seem to be convertible terms, for the authority of such officers is their lawful power; but we understand the word "jurisdiction," as here used, to refer to the territory in which such power or authority can be exercised. Since the jurisdiction of the marshal is measured by that of the sheriff in the "prevention and suppression of crime and arrest of offenders" against the laws of the State, it must be coextensive with the limits of the county.

The purpose of the Legislature to extend the jurisdiction of the marshal beyond the limits of the town, and make it coextensive with that of the sheriff in the matter of arrests, is further evidenced by the fact that a "warrant of arrest" may be directed to him, and such warrant he may execute anywhere in the county (Code of Criminal Procedure, articles 42, 44, 45, 232, 238, 897, 898); whereas all civil process, unless otherwise specially provided by law, must be directed to the "sheriff or any constable." Rev. Stats., art. 1443.

It results, that both interrogatories in the first question propounded must be answered in the affirmative.

We understand that an answer to the second question was desired only in the event the first were answered in the negative, and therefore we make no answer thereto.

Delivered May 27, 1895.