## Al Ray v. The State.

### No. 2278.   Decided June 24, 1902.

**1.—Carrying Pistol—Policeman Not Exempt, When.**

A policeman of one city has no authority under the law to carry a pistol in a public assembly on the fair grounds in another city. When in another city he is not a peace officer, but merely a private citizen. Overruling Clayton v. State, 21 Texas Crim. App., 343.

**2.—Same—Peace Officer.**

A peace officer is exempt from the operation of the law inhibiting the carrying of a pistol only while in his own bailiwick, except when he goes outside of his immediate jurisdiction to perform some official duty in another section. His official character only pertains where he can perform his official duty. A policeman of one city can not perform the functions of his office in another city; he is not a peace officer in such other city, but merely a private citizen.

Appeal from the County Court of Bexar.   Tried below before Hon. R. B. Green, County Judge.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $50.

The case is sufficiently stated in the opinion.

*George R. Gillette, Henry C. King, Jr.,* and *McLean & Scott,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of carrying a pistol in the city of San Antonio, Bexar County, and his punishment assessed at a fine of $50, hence this appeal.

He claims that the conviction ought not to be sustained because at the time he was a policeman of the city of Fort Worth, and as such was exempt from the operation of the law against carrying pistols. In support of his contention he refers us to the case of Clayton v. State, 21 Texas Crim. App., 343, and Irvine v. State, 18 Texas Crim. App., 51. The last named case is not in point, inasmuch as it was proven there that appellant at the time he was found carrying the pistol was a deputy sheriff, and though not in his own county was in Montague County, pursuing a horse-thief. It is said in that case that at the time he was a civil officer and engaged in the discharge of his official duty. Clayton's case does support appellant's contention. There the broad proposition is asserted that a deputy sheriff is a peace officer, and as such is excepted from the operation of the law against carrying pistols in any county in the State. If this be the law, article 338, Penal Code, puts policemen on the same plane with peace officers. The construction placed on said article is that the statute places no qualification on the clause with reference to peace officers, but authorizes every peace officer or policeman everywhere and at all times to carry a pistol. We do not believe this is a proper interpretation of the statute. A person may be

a peace officer in one section of the State and not in another, but is simply a local peace officer; and while in his bailiwick he is a peace officer, but when he leaves there and goes to some other section he can not perform the functions of his office, and he has no more authority than any other private citizen. Of course, when he goes outside of his immediate jurisdiction to perform some duty in some other part or section, which he is authorized under the law to do, his official character remains with him; but not so in the absence of such official duty. In this case, appellant as a policeman of the city of Fort Worth could perform no functions of his office in San Antonio; he could not execute process of any kind, but if he desired to have an arrest made would have been compelled to call on the local authorities. Consequently, he was not a peace officer there, but merely a private citizen. The pretense that he may have gone there as a detective to find a suit of clothes that had been stolen from W. H. Ward, one of the aldermen of Fort Worth, we can but regard as a subterfuge. It certainly gave him no authority to carry a pistol on the fair grounds into a public assembly in the city of San Antonio.

The judgment is affirmed.

*Affirmed.*

[Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]