

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 28, 1961

Overruled by amendment to
Art. 45.04, C.C.P. and to
Arts. 998 and 999, V.C.S.,
60th Leg., 1967, Ch. 523,
Pamphlet No. 4, Pages
1171-1172

Honorable J. Edward Line
County Attorney
Deaf Smith County
Hereford, Texas

Dear Mr. Line:

Opinion No. WW-1028

Re: Whether a police officer of
a city has the authority to
execute a warrant of arrest
issued out of the corporation
court, outside of the city
but within the county in which
the city is located?

You have asked the following questions:

"Can a police officer of the City of Hereford, Texas, exe-
cute a warrant of arrest issued out of the corporation court
of Hereford, Texas, outside of the city limits of Hereford,
Texas, within Deaf Smith County."

The City of Hereford is located within Deaf Smith County.

Article 998, Vernon's Civil Statutes, concerning the powers and duties
of police officers, states that:

"... such officers shall have like powers, rights
and authority as are by said title vested in city
marshals."

Article 999, Vernon's Civil Statutes, on the powers and duties of
marshals states:

"... he shall have like power, with the sheriff
of the county to execute warrants; ... In the
prevention and suppression of crime and arrest of
offenders, he shall have, possess and execute like
power, authority, and jurisdiction as the sheriff
..."

In Newburn v. Durham, 88 Tex. 288, 31 S.W. 195, 196 (1895) the
Supreme Court stated:

"Since the jurisdiction of the marshal is
measured by that of the sheriff in the 'pre-
vention and suppression of crime and arrest of
offenders' against the laws of the state, it must
be co-extensive with the limitations of the county."

However, in Minor v. State, 219 S.W.2d 467 (Tex. Crim. 1949) a majority of the court of Criminal Appeals specifically stated that they do not agree. Judge Beauchamp, in his concurring opinion stated:

"I cannot subscribe to the implication that a city policeman has authority equal to that of the sheriff co-extensive with the bounds of the county."

This view was also expressed by Judge Hawkins in his dissenting opinion. See also 28 Tex. Law Rev. 862 (note 1950).

We must therefore conclude that a police officer may not execute a warrant of arrest outside the limits of the city of which he is an officer unless there is a specific statute giving him authority in a specific case. See Hurley v. State, 234 S.W.2d 1006 (Tex. Crim. 1950).

## S U M M A R Y

A police officer of a city does not have the authority to execute a warrant of arrest issued out of the corporation court, outside of the city but within the county in which the city is located.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Cecil Cammack, Jr.
Assistant Attorney General

CC:br

APPROVED:

OPINION COMMITTEE
W.V. Geppert, Chairman

W. Ray Scruggs
Jerry Roberts
Dudley McCalla
John Phillips

REVIEWED FOR THE ATTORNEY GENERAL

BY: Morgan Nesbitt