**Thad C. SATTERWHITE, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 13–84–431–CR.

Court of Appeals of Texas, Corpus Christi.

Sept. 5, 1985.

Juan Martinez Gonzales, Beeville, for appellant.

W.C. Kirkendall, Dist. Atty., Seguin, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

A jury assessed a punishment of twelve years' confinement in the Texas Department of Corrections after convicting appellant for the offense of delivery of a controlled substance to a minor. *See* TEX. REV.CIV.STAT.ANN. art. 4476–15 § 4.053 (Vernon Supp.1985).

Appellant argues in his first ground of error that marijuana is not a controlled substance. This argument is without merit. Marijuana is a Schedule 1 controlled substance. TEX.REV.CIV.STAT.ANN. art. 4476–15 § 2.03(a) & (d)(13) (Vernon Supp.1985). *Whitaker v. State,* 572 S.W.2d

956, 957 (Tex.Crim.App.1978). The trial court did not err in refusing to dismiss or quash the indictment on this ground.

In his second ground of error appellant alleges the court erred in refusing to dismiss or quash the indictment because it did not state an offense in that it failed to state that the person to whom delivery was allegedly made was under seventeen years of age. In this regard the pertinent statute prohibits delivery to a person seventeen years of age or under.

Omitting formal parts, the instant indictment alleged that appellant

"did then and there intentionally and knowingly deliver a controlled substance, namely, a useable quantity of marijuana by actually transferring said controlled substance to Robert Camarillo, a person younger than eighteen years...."

The phrase "younger than eighteen years" is identical in meaning with seventeen years of age or younger. *Canada v. State,* 589 S.W.2d 452, 454 (Tex.Crim.App. 1979). Appellant's second ground of error is overruled.

In his third ground of error appellant alleges the indictment is fundamentally defective because it failed to allege that the person who received the marijuana was enrolled in an elementary or secondary school. That the recipient of the marijuana be enrolled in school is not an essential element of the offense, but rather is merely one of four different ways the offense might be committed.

The proscribed recipients are described disjunctively and the linking word is *"or,"* not *"and."* The construction of the statute suggested by appellant would make our school-aged children fair game for pushers during their summer vacations and provide no protection at all for those not yet old enough to be enrolled in school. Appellant's third ground of error is overruled.

In his fourth ground of error appellant alleges that the indictment is fundamentally defective because it fails to state whether the delivery of marijuana was

made for remuneration. Remuneration is not an element of the offense proscribed by § 4.053. The legislature obviously considers either giving or selling drugs to children to be equally repugnant.

Although § 4.053(c) does set out an affirmative defense when the actor receives no remuneration,[1] the State is not required to negate this affirmative defense in its pleadings. TEX.REV.CIV.STAT.ANN. art. 4476–15 § 5.10(a) (Vernon 1976). Appellant's fourth ground of error is overruled.

█ In his sixth ground of error appellant argues our Thirteenth Court of Appeals should dismiss the indictment in this case because the defense of "unconscionable police conduct" was established as a matter of law when the police used an eleven year old boy as an informant to "set up his uncle." Although courts in other jurisdictions have dismissed indictments because of police conduct that reaches a "demonstrable level of outrageousness," appellant refers this Court to no Texas decision where such police conduct was found unconscionable.

In any event, we do not believe that what the State concedes was "relatively aggressive law enforcement tactics" rises to that level necessary to dismiss the indictment under a due process analysis of the boundaries of permissible police conduct. Here, the police simply sent a minor who was related to appellant to purchase marijuana. This activity by the police fails to shock our conscience. Appellant's sixth ground of error is overruled.

Separate and apart from the due process or constitutional defense of "unconscionable police conduct" is the statutory defense of entrapment, see Tex.Penal Code Ann. § 8.06 (Vernon 1974), and in his fifth ground of error, appellant alleges that the State failed to prove beyond a reasonable doubt that entrapment did not exist. The court's charge herein did include instructions on the entrapment defense.

The evidence supports a conclusion that appellant was the common law husband of Sylvia Perez. Ms. Perez is the sister of the minor's mother, thus she is the minor's aunt and appellant is his uncle by marriage.

In the light most favorable to appellant, the evidence shows that the police either threatened appellant's young nephew with incarceration in the Texas Youth Commission for his part in breaking into a school or else promised leniency if the minor would aid in a narcotics investigation. The youth was wired with a body microphone and carried to within a block of his uncle's home where he was then put out on his bicycle and instructed to ask appellant for two marijuana cigarettes. Appellant testified that his nephew said the marijuana was for the minor's brother and that he gave the marijuana to the youth as a favor to the youth's brother. The youth was then returned to his grandfather in tears saying he had "done wrong."

On appeal, we review the evidence in the light most favorable to the verdict. In that light, the evidence shows that the youth asked his uncle if he had any pot for sale and appellant said that he did and the price was $2.00 for each joint. Ms. Perez also offered spray paint for sale at $4.00 per can. The youth then bought two marijuana cigarettes with the $4.00 the officers had given him and left. The minor denied there was any deal for probation, and testified that he helped the officers because he wanted to stop his uncle from selling to other little kids like him.

█ In *Redman v. State*, the Texas Court of Criminal Appeals stated as follows: "The evidence on the issue of entrapment was in conflict. The issue was submitted to the jury. The jury chose to reject the testimony of the appellant on the issue of entrapment. That was their prerogative." *Redman v. State*, 533 S.W.2d 29, 32 (Tex.Crim.App.1976). Although *Redman* was decided under the old code, we believe

---

1. The defense is further limited to an actor under twenty-one years of age. Appellant stated at his arraignment he was twenty-nine.

the defense of entrapment is an issue to be determined by the finder of fact under the 1974 Penal Code. *Cf. Robert v. State,* 613 S.W.2d 291, 293 (Tex.Crim.App.1981).

In the light most favorable to the verdict, the evidence shows that the police did no more than present appellant with an opportunity to commit the offense, thus the State is not guilty of entrapment. Appellant's fifth ground of error is overruled.

The judgment of the trial court is AF-FIRMED.