**Jay M. BACON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–88–155–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 10, 1988.

**654**

William A. Orr, Jr., Bay City, for appellant.

Jim Turner, Angleton, for appellee.

Before PAUL PRESSLER, DRAUGHN and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant was convicted of delivery of a controlled substance, namely, heroin. Punishment was assessed at seventeen years. We affirm.

Captain Larry Bullard of the City of Freeport Police Department and Ms. Deborah Waller investigated her husband's death from an overdose of heroin. On May 16, 1984 Officer Bullard used Ms. Waller as a potential buyer of heroin from appellant in a "controlled buy." Before executing the plan, officers strip-searched Ms. Waller and searched her car to insure no drugs were in her possession. Ms. Waller drove to appellant's house, located outside the city limits of Freeport, followed by Officers Bullard and Shoemake. She was met at the door by appellant and went inside for approximately twenty minutes. Upon exiting, she returned to her car and was followed to the police station. The officers had continuous visual observation of her except for the time when she was in appellant's house.

At the police station, Ms. Waller gave Officer Bullard a package which she stated she bought from appellant. Appellant was arrested. Tests were conducted on the package and it was confirmed that it contained heroin.

In his first five points of error, appellant complains of the jury argument and the failure of the trial court to grant a mistrial. Jury arguments must be confined to four areas; (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answers to the arguments of the opposing counsel, and (4) pleas for law enforcement. *Landry v. State*, 706 S.W.2d 105 (Tex.Crim.App.1985), *cert. denied*, 479 U.S. 871, 107 S.Ct. 242, 93 L.Ed.2d 167. If the argument goes beyond these areas, it is not reversible error unless the argument is manifestly improper, violates a mandatory statute or presents a new fact harmful to defendant's case. *Mathews v. State*, 635 S.W.2d 532 (Tex. Crim.App.1982); *Morris v. State*, 755 S.W. 2d 505 (Tex.App.—Houston [1st Dist.] 1988, no pet). When the jury argument is improper, it must be determined whether the error was harmful. The test for determination of this is whether there is a reasonable possibility that the argument complained of might have contributed to the conviction or to the punishment assessed.

*Garrett v. State,* 632 S.W.2d 350 (Tex. Crim.App.1982); Tᴇx.ʀ.Aᴘᴘ.ᴘ. 81(b)(2).

■ In his closing argument, the prosecutor stated, "Now, you had a chance to observe these officers testifying face-to-face and a chance to observe their demeanor and everything. And those officers appear to be the type of men that would intentionally lie about something like this, because if you find the defendant not guilty, basically that's what you're saying. Officer Bullard and Officer Shoemake, you're lying about this." The officers testified that the money found on appellant when he was arrested was the money which had been marked and given to Ms. Waller to pay for her purchases. Appellant testified that the officers said the money given to Ms. Waller was not the same as that which appellant had on him when he was arrested. Appellant objects to the prosecutor's argument as improper bolstering. Since this fact was in dispute, comment was proper. Appellant's objection was overruled. Because the appellant attacked the officers' credibility, this argument was permissible both as a summation of the evidence and as a reasonable deduction therefrom.

■ Appellant objected to the prosecutor's arguing, "The little packet you saw, there, is apparently worth a hundred. So, it's not unreasonable to believe that someone was actually using heroin and making packages. They wouldn't want to leave it around, because that's lots of money." The prosecution was referring to the fact that no drugs were found in appellant's house when it was searched subsequent to his arrest. Appellant properly objected that this was not in evidence. The court ruled, "All right. The members of the jury at the appropriate time will recall the evidence introduced before them individually and as a jury. Move on." Appellant then moved for a mistrial. It was denied. He complains that the instruction failed to tell the jury to disregard the improper argument. A proper objection to a closing argument requires (1) an objection, (2) a request for an instruction to disregard, and (3) a motion for a mistrial. *Brooks v.*

*State,* 642 S.W.2d 791, 798 (Tex.Crim.App. 1982); *Koller v. State,* 518 S.W.2d 373, 375 (Tex.Crim.App.1975). Appellant did not request an instruction to disregard. Thus he has failed to preserve error. *Brooks,* 642 S.W.2d 791 at 798.

In the punishment stage the prosecutor argued that there was "big money in delivering narcotics." Appellant objected that this was outside the evidence. The objection was sustained. No motion was made for an instruction to disregard. The court overruled appellant's motion for a mistrial. Here again, appellant again failed to follow the proper procedure to preserve error.

Appellant objects to the prosecutor's argument, "It's up to you, today to send a message to this defendant and to all the other drug pushers in Brazoria County ... as to what law-abiding citizens think, such as yourselves, of this offense." This is simply a plea for law enforcement and is regularly used. It is not improper. Points of error one through four are overruled.

In point of error five, appellant claims that the cumulative effect of these arguments creates reversible error. In these four instances appellant has failed to preserve error twice and the other two comments were proper. Point of error five is overruled.

■ In his sixth point of error, appellant alleges that the police officers were outside the City of Freeport during their operation. The Court of Criminal Appeals in *Angel v. State,* 740 S.W.2d 727 (Tex.Crim.App.1987), held that former V.A.C.S. articles 998 and 999 grant city marshals and city police officers countywide jurisdiction. There is no dispute that both the house where the purchase was made and the place of the arrest were in Brazoria County. The appellant alleges that they were outside of their jurisdiction and thus the arrest was illegal and the goods inadmissible. In *Angel,* the Court of Criminal Appeals affirmatively cited *Newburn v. Durham,* 88 Tex. 288, 31 S.W. 195 (1895) where it said that "[B]y virtue of our statutes the chief of police and our city marshal has [sic] the same jurisdiction as the sheriff of the county in the prevention and *suppression of*

*crime." Angel,* 740 S.W.2d at 735. (Emphasis added) Thus, city police jurisdiction extends county wide, not only to the power to arrest, but also to perform all acts necessary for the suppression of crime. In *Landrum v. State,* 751 S.W.2d 530, 531 (Tex.App.—Dallas, 1988, no pet), two City of Desoto police officers went several miles into the city of Dallas and purchased a controlled substance from the defendant. The court upheld the conviction. Texas Local Government Code Annotated section 341.021(e) (formerly V.A.C.S. art. 999) states, "The marshal has the same power and jurisdiction as the county sheriff to execute warrants, *to prevent and suppress crime,* and to arrest defenders." (Emphasis added) Point of error number six is overruled.

In his seventh point of error, appellant alleges that the trial court erred in failing to instruct the jury that Ms. Waller was an accomplice witness. An undercover police agent is not an accomplice so long as he merely obtains evidence to be used against those engaged in the crime. *Lopez v. State,* 574 S.W.2d 563 (Tex.Crim.App. 1978); *Howery v. State,* 528 S.W.2d 230 (Tex.Crim.App.1975). This also applies to private citizens working in a similar capacity. *Parr v. State,* 606 S.W.2d 928 (Tex. Crim.App.1980); *Burns v. State,* 473 S.W. 2d 19 (Tex.Crim.App.1971). Ms. Waller was not an accomplice. Point of error seven is overruled.

In point of error eight, the appellant claims the trial court erred in allowing the introduction of the package of heroin claiming that the chain of its custody was not properly proven. This is not correct. Several officers clearly showed the chain of custody. Each testified as to when they had it, what they did with it, how they identified it, and where it was located. The package was properly identified. Point of error number eight is overruled.

Judgment is affirmed.