Christopher ARMENDAREZ, Appellant,

v.

The STATE of Texas, State.

No. 2–90–312–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 8, 1992.

Discretionary Review Refused
April 29, 1992.

Mary B. Thornton, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Steven W. Conder, Brent Carr, Bill Koos, Assts., Fort Worth, for appellee.

Before FARRIS, MEYERS and DAY, JJ.

OPINION

FARRIS, Justice.

Christopher Armendarez appeals his conviction of the offense of illegal investment, TEX.HEALTH & SAFETY CODE ANN. § 481.126(a)(2) (Vernon Pamph.1991), complaining in two points of error: (1) the trial court erred in failing to grant his motion to suppress based on the outrageous conduct of the police; and (2) the trial court erred in failing to grant his motion to suppress based upon the illegal conduct of the police. We overrule both points and affirm the judgment of the trial court because the conduct of the police in conducting a "reverse sting" operation was not so outrageous as to justify suppression of the evidence, and the conduct of the police in conducting the "reverse sting" operation was not illegal.

On August 8, 1990, Officer G.L. Beall of the narcotics division of the Fort Worth Police Department was working undercover posing as a drug dealer. At about 11:30 a.m., Beall received a call on his pager. Beall returned the call in which he recognized the caller as Dennis Bohon. Beall told Bohon that he was in Weatherford and in possession of a large quantity of cocaine and that he was ready to do business. Beall and Bohon agreed to meet at a motel in Fort Worth. Beall went to the motel to check out two rooms for the transaction. At 12:40 p.m. Beall called Bohon and informed him that he was ready to do business.

At approximately 1:00 p.m., Bohon arrived at the motel alone and Beall informed Bohon that he was intending to make one sale only. Bohon then left and returned to the room at about 2:15 p.m. with James Michael Gray. Bohon entered the room carrying a cardboard box containing $23,-500.00. At this time, Armendarez arrived and Beall initially attempted to deny him entry to the room, but was told by Bohon that he needed to let him in the room because Armendarez was to purchase three of the four kilos of cocaine. Beall was told by Bohon that Armendarez was the "money man." Beall showed Armendarez one kilo of cocaine and asked Armendarez if he

322

knew what it was, to which Armendarez nodded affirmatively. Armendarez then told Beall that he would purchase the other three kilos of cocaine, but that he would have to go get the money. At that time, Bohon, Gray, and Armendarez left the room, taking the box with the $23,500.00 with them.

Around 30 minutes later, Bohon and Armendarez returned to the motel room while Gray remained in the car. Armendarez carried in a white styrofoam Budweiser ice chest. He later opened the chest and removed a white paper sack along with the cardboard box which had been brought in before. The white paper sack contained a brown paper sack that contained $96,-000.00. After Beall received the money and delivered the cocaine to Armendarez, he gave the arrest signal to the officer in the next room. Bohon and Armendarez were arrested in the motel room and Gray was arrested in the parking lot.

Armendarez was found guilty and sentenced by a jury to confinement for life and a $1,000,000.00 fine.

▉ In his first point, Armendarez contends that the police conduct in conducting a "reverse sting" operation was so outrageous as to warrant the suppression of the evidence seized at the arrest. We disagree.

As counsel for both sides correctly point out, the Court of Criminal Appeals has not yet addressed the defense of outrageous conduct. We also point out that neither the Penal Code nor the Code of Criminal Procedure make provision for this defense. Although it is true that a number of federal courts have addressed this issue, they are not relevant to our decision today. In the interest of maintaining consistency in the law of this state, until the Court of Criminal Appeals holds otherwise, we shall follow the only Texas decisions addressing the issue of outrageous conduct. *See Hubbard v. State*, 770 S.W.2d 31 (Tex.App.—Dallas 1989, pet. ref'd); *Beck v. State*, 741 S.W.2d 516 (Tex.App.—Corpus Christi 1987, pet. ref'd); *Satterwhite v. State*, 697 S.W.2d 774 (Tex.App.—Corpus Christi 1985, pet. ref'd).

In *Satterwhite*, the police used an 11-year old boy as an informant to set up his uncle on a delivery of a controlled substance operation. *Satterwhite*, 697 S.W.2d at 776. The defendant maintained that his indictment should be dismissed because the police conduct was unconscionable. *Id.* The court noted that other jurisdictions had dismissed indictments on the basis that police conduct was outrageous, but that no Texas courts had found police activity to be unconscionable. However, the court went on to find that the conduct of the officers did not "shock [their] conscience," or rise to a level necessary to dismiss the indictment under a "due process analysis of the boundaries of permissible police conduct." *Id.*

Likewise, *Beck* is almost directly on point. The police in *Beck* sold pills to two defendants. *Beck*, 741 S.W.2d at 524. On appeal, the defendants contended that the act of the police selling the drugs was so "outrageous" as to deprive them of their due process rights. *Id.* The court held that such conduct was neither outrageous nor unconscionable. *Id.* Most recently, the Dallas court held that the delay in arresting the defendant on bribery charges in order to obtain evidence on a narcotics delivery charge, along with police conduct which resulted in an officer posing as a "dirty cop" did not rise to the level of outrageous conduct. *Hubbard*, 770 S.W.2d at 40–41.

We fail to see any difference between this case and *Beck*. In both instances the police undertook to sell drugs in a "reverse sting" operation. We agree with the Corpus Christi court and find that such conduct by the police, especially in light of the fact that Armendarez willingly participated in the sale, did not rise to the level of outrageousness or unconscionability. We overrule the first point.

▉ In his second point, Armendarez contends that the conduct of the police in conducting a "reverse sting" operation is illegal, and thus, the evidence seized as a result of the operation should have been suppressed. Again, we disagree.

Armendarez does not believe that the conduct of the police in selling drugs is permissible under the Texas Health & Safety Code. The Code provides that: "This chapter does not impose a liability on an authorized state, county, or municipal officer engaged in the lawful performance of the officer's duties." TEX.HEALTH & SAFETY CODE ANN. § 481.184(c) (Vernon Pamph.1991). Armendarez asserts that this section applies only to the possession of controlled substances by police officers, and does not permit the delivery or sale of controlled substances by police officers. Armendarez cites no authority for this proposition and argues that public policy makes it "desirable and necessary for a police officer to acquire and hold evidence for drug prosecutions." However, Armendarez contends that allowing an exemption for sale and delivery of drugs to citizens by police officers condones violations of state and federal laws.

We find Armendarez's logic faulty. As the State points out, the statute begins with "[t]his chapter," meaning chapter 481. Chapter 481 contains penalties for the offenses of the manufacture, possession and delivery of controlled substances; thus, "[t]his chapter" would include the sale and delivery of controlled substances by officers. *See, e.g.,* TEX.HEALTH & SAFETY CODE ANN. §§ 481.112–481.125 (Vernon Pamph.1991). Moreover, the statute does not, as Armendarez contends, promote violations of state and federal law because the activity is limited to the "lawful performance of the officer's duties." Therefore, we find that the police conduct of posing as a seller of narcotics in its undercover operations was not unlawful. We overrule the second point and affirm the judgment of the trial court.