**Emmett Alvin LAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–93–133 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Nov. 7, 1994.

Decided Dec. 30, 1994.

F.M. (Rick) Stover, for appellant.

Daniel Rice, Dist. Atty., Gail Kikawa McConnell, Asst. Dist. Atty., Conroe, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from a conviction for the felony offense of Aggravated Possession of a Controlled Substance. A jury adjudicated appellant guilty of said offense and the trial court assessed punishment at confinement for life in the Institutional Division of the Texas Department of Criminal Justice. Appellant brings to this Court six points of error. We begin our discussion with point of error five as it complains, "There was insufficient evidence to sustain a conviction. The State failed to show the appellant had control over the alleged contraband, as alleged in the indictment."

 The standard for reviewing questions of evidentiary sufficiency is for the reviewing court to view all of the evidence in the light most favorable to the "guilty" verdict and then determine whether any rational trier of fact could have found each of the essential elements of the offense to have been proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991). This standard applies regardless of whether the evidence is direct or circumstantial. *Eaglin v. State*, 872 S.W.2d 332 (Tex.App.—Beaumont 1994, no pet.); *Rogers v. State*, 846 S.W.2d 883 (Tex.App.—Beaumont 1993, no pet.). In the instant case, testimony was elicited by the State from David Cripps, an informant who, unbeknownst to appellant, was working with the Montgomery County Narcotics Task Force at the time of the offense. Cripps testified that he (Cripps) was a known "cook" of the controlled substance methamphetamine. Cripps further testified that he was approached by appellant who told Cripps that he (appellant) would be "interested in buying some chemicals or doing a cook." Cripps explained that a "cook" involved heating a certain combination of chemicals for a period of time resulting in the end product, crystal methamphetamine. Cripps testified that appellant told him that he (appellant) had done a "cook" before, but that it had been a long time ago so appellant wanted Cripps to oversee the "cook." Following this conversation, Cripps contacted

Deputy George Gilmer of the Montgomery County Sheriff's Office who worked on the Narcotics Task Force. Cripps further testified that appellant provided a house for the "cook" to take place and also provided a flask and a "cooker." At one point, Cripps testified as follows:

Q. (State) You were kind of giving him (appellant) the recipe or the formula?

A. (Cripps) He wanted to do it step by step. He said he knew how to do it. He had said it had been awhile, but he wanted to make sure he had everything wrote (sic) down so he could do the next cook.

Deputy Gilmer was the State's next witness and testified that when he received Cripps's information regarding appellant's interest in making some methamphetamine, he (Gilmer) made arrangements with agents of the federal Drug Enforcement Agency (DEA) to have the proper chemicals provided to appellant. Gilmer's testimony indicates that he received the chemicals from the DEA and passed the chemicals on to Cripps. Cripps's testimony indicates that he received the chemicals from Gilmer and then went to the house designated by appellant, set up the cooking apparatus, and, after the process was well underway, left the house with appellant remaining to monitor the "cook." After Cripps left the house, the Task Force executed a search warrant for the house. Appellant was the only person found at the house. The odor of the cooking chemicals was very noticeable for some distance from the house and appellant's clothing smelled of said odor. Appellant called no witnesses nor did he testify in his own behalf.

Texas law provides that the jury is the exclusive judge of the facts proved, the credibility of the witnesses, and the weight to be given to their testimony. *See* TEX.CODE CRIM.PROC.ANN. art. 38.04 (Vernon 1979); *Sharp v. State*, 707 S.W.2d 611 (Tex.Crim. App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). In the instant case, the testimony of the State's witnesses provided more than enough evidence to show that appellant exercised actual care, custody, control, or management over the contraband in question *and* that appel-

lant knew the substance that was cooking under his watchful eye was in fact contraband. *See Martin v. State,* 753 S.W.2d 384 (Tex.Crim.App.1988). As such, sufficient evidence exists in the record for us to find that any rational trier of fact could have found all of the elements proven by the State beyond a reasonable doubt. Point of error five is overruled.

Points of error one, two, and three provide the following:

Defendant was denied effective assistance of counsel and due process of law. Counsel failed to raise the defense of entrapment in violation of Article I section 10 of the Texas Constitution, and in violation of the United States Constitution Sixth Amendment guaranteeing appellant adequate representation.

Defendant was denied effective assistance of counsel and due process of law. Counsel failed to request the issue of accomplice witness testimony be presented to the jury in violation of Article I section 10 of the Texas Constitution, and in violation of the United States Constitution Sixth Amendment guaranteeing appellant adequate representation.

Defendant was denied effective assistance of counsel and due process of law. Counsel failed to file a motion to suppress illegally obtained evidence in violation of article I section 9 of the Texas Constitution. The failure to file said motion denied appellant a fair trial in violation of Texas Constitution Article I section 10 and in violation of the United States Constitution Sixth Amendment guaranteeing appellant adequate representation.

■ We wish to note at the outset that this Court, by letter dated October 6, 1994, provided appellate counsel an opportunity to supplement his brief with appropriate discussion of the newly announced procedures in *Autran v. State,* 887 S.W.2d 31 (Tex.Crim. App.1994), with regard to any appellate allegations of dual state and federal constitutional violations. For whatever reason, appellate counsel chose not to rebrief under the guidelines in *Autran,* nor did appellate counsel

amend his brief to delete either the state or federal constitutional contention. As such, we reiterate the language taken from *Heitman v. State,* 815 S.W.2d 681, 690, n. 23 (Tex.Crim.App.1991), that attorneys, when briefing constitutional questions, should carefully separate federal and state issues into separate grounds and provide *substantive analysis or argument on each separate ground;* and if sufficient distinction between state and federal constitutional grounds is not provided by counsel, the Court may overrule the ground as multifarious. In considering the particular issue before us, however, this may be a distinction without a difference as Texas has adopted the federal standard for analyzing ineffective assistance claims as set out in *Strickland v. Washington*[1]. *See Hernandez v. State,* 726 S.W.2d 53, 57 (Tex. Crim.App.1986).

■ At any rate, we find from the record before us that even if trial counsel's performance could be deemed deficient, the evidence reflects no reasonable probability that the result of the trial would have been different if counsel had acted more "effectively." *Id.* With regard to the "entrapment" issue, the record reflects that appellant failed to establish a prima facie showing of such a defense, and, therefore, was not entitled to a jury instruction on the issue. *See Reese v. State,* 877 S.W.2d 328, 333 (Tex.Crim.App. 1994). Point of error one is overruled.

■ As for point of error two's "accomplice witness" complaint, it has been held that an undercover police agent is not an accomplice so long as the agent merely obtains evidence to be used against those engaged in a crime, and this rule applies to private citizens working in a similar capacity. *See Bacon v. State,* 762 S.W.2d 653 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd). In the instant case, there was no evidence contradicting the fact that Cripps was working under the full direction of the Narcotics Task Force and Deputy Gilmer. Cripps was not an accomplice to the offense. A request for a jury instruction on accomplice witness testimony was, therefore, not necessary. Point of error two is overruled.

---

**1.** 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Under his discussion of point of error three, appellant candidly admits that the failure to file a Motion to Suppress Evidence does not constitute ineffective assistance of counsel per se, citing *Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). Appellant then makes no attempt to show how the contraband in question was not admissible at trial. He reduces his discussion to the following conclusory statement unsupported by authority:

> There was a legitimate issue surrounding the time the warrant was signed, and when the police learned the exact location stated in the search warrant. If the search warrant had been attacked and quashed the outcome of the trial would have been different.

> Trial counsel's failure to attack the search warrant and then argue to the jury about the discrepancy concerning the time when the warrant was issued places an exclamation point on the entire trial.

■ We find appellant's third point of error to be inadequately briefed. Tex. R.App.P. 74(f). He provides absolutely no authority as to how an alleged discrepancy in the time the warrant was signed and the time the authorities learned of the exact location of the "cook" results in suppression of the evidence at trial. The right of appellate review does not extend to complaints which are not in accordance with this State's statutes relating to appellate review. *Ex parte Keith*, 782 S.W.2d 861, 863, n. 3 (Tex.Crim. App.1989). Point of error three is overruled.

Appellant's fourth point of error also suffers from the same multifarious constitutional assertions that points of error one through three do, in violation of *Heitman*, 815 S.W.2d at 690, n. 23. Nevertheless, we choose to take the position taken by the Fort Worth Court of Appeals in *Armendarez v. State*, 822 S.W.2d 321, 322 (Tex.App.—Fort Worth 1992, pet. ref'd), as that Court was presented with an identical claim of outrageous police conduct and responded as follows:

> As counsel for both sides correctly point out, the Court of Criminal Appeals has not

yet addressed the defense of outrageous conduct. We also point out that neither the Penal Code nor the Code of Criminal Procedure make provision for this defense. Although it is true that a number of federal courts have addressed this issue, they are not relevant to our decision today. In the interest of maintaining consistency in the law of this state, until the Court of Criminal Appeals holds otherwise, we shall follow the only Texas decisions addressing the issue of outrageous conduct.

■ The Fort Worth Court then went on to analyze three cases. These cases are also cited by the instant appellant. In none of the cases[2] did any of the conduct alleged to be outrageous result in a reversal of the defendant's conviction. The cases ranged from police using an 11–year old boy as an informant to set up his uncle on a delivery of controlled substance operation to police, to conducting a "reverse sting" operation, to selling contraband to defendants. In the context of the facts of the above described cases, the facts of the instant case are no more unusual or extreme. The instant appellant initiated the contact with Mr. Cripps and appeared to be nothing if not enthusiastic about the whole operation to cook up some methamphetamine. Appellant willingly participated in every aspect of the illegal operation. No outrageous police conduct is present in the record before us. Point of error four is overruled.

Point of error six complains of the admission of an extraneous offense and denial of a motion for a mistrial. The record before us reflects that Mr. Cripps testified that he first met appellant when he (Cripps) went to appellant's house to buy cocaine from appellant. At this point, appellant's trial counsel requested to approach the bench. The bench conference indicates that the trial court apparently agreed with appellant that such testimony was in violation of a motion in limine previously filed by appellant. The trial court then asked the jury to retire to the jury room. Out of the jury's presence, Mr.

**2.** *See Hubbard v. State*, 770 S.W.2d 31 (Tex. App.—Dallas 1989, pet. ref'd); *Beck v. State*, 741 S.W.2d 516 (Tex.App.—Corpus Christi 1987, pet. ref'd); *Satterwhite v. State*, 697 S.W.2d 774 (Tex. App.—Corpus Christi 1985, pet. ref'd).

Cripps was admonished by the trial court to refrain from mentioning any criminal acts committed by appellant except those involved in the instant prosecution. Mr. Cripps indicated that he understood. At this point, appellant's trial counsel moved for a mistrial. The trial court denied said request and the jury was reseated in the courtroom.

Under TEX.R.CRIM.EVID. 103(a)(1) and TEX.R.APP.P. 52, an appellant claiming trial error in the admission of evidence preserves error by making a proper objection and receiving a ruling on that objection. *Ethington v. State,* 819 S.W.2d 854, 858 (Tex. Crim.App.1991). The objection must be timely; that is, the defense must have objected to the evidence, if possible, before it was actually admitted. *Id.* If this was not possible, the defense must have objected as soon as the objectionable nature of the evidence became apparent and *must have moved to strike the evidence,* that is, to have it removed from the body of the evidence the jury is allowed to consider. *Id.* In the instant case, once appellant received a favorable ruling on his objection to Mr. Cripps's testimony, the next step was to request the trial court to instruct the jury to disregard Mr. Cripps's testimony about buying cocaine from appellant. Having failed to do this, however, appellant waives appellate consideration of the issue as said issue was not preserved at trial. Point of error six is overruled.

As we noted at the outset of this opinion, the trial court sentenced appellant to incarceration for life in the Institutional Division of the Texas Department of Criminal Justice. In examining the applicable provisions under which appellant was charged and sentenced, that being TEX.HEALTH & SAFETY CODE ANN. § 481.115(c) & (d)(2) (Vernon 1992), the sentence requires a mandatory fine be imposed not to exceed $100,000, in addition to any penitentiary time assessed. Both the trial court's oral pronouncement in open court and the written sentence omit a fine. As discussed in *Reed v. State,* 795 S.W.2d 19, 20–21 (Tex.App.—Houston [1st Dist.] 1990, no pet.), the power granted courts to reform judgments under TEX.CODE CRIM.PROC.ANN. art. 37.10(b) (Vernon Supp. 1995) does not include the power to *add* punishment to incomplete verdicts, even if the addition is de minimis. Because this Court does not have authority to reform by additur, we reverse the judgment and sentence and remand the cause to the trial court for a new punishment hearing. TEX.CODE CRIM.PROC.ANN. art. 44.29(b) (Vernon Supp. 1995).

REVERSED AND REMANDED ON PUNISHMENT ONLY.