**Affirmed and Opinion filed April 24, 2014.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-13-00021-CR

**SELMAN HALILI, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 5**
**Harris County, Texas**
**Trial Court Cause No. 1825518**

## O P I N I O N

After the trial court denied appellant Selman Halili's motion to suppress, he pleaded guilty to one count of possession of a gambling device. *See* Tex. Penal Code Ann. § 47.06. The trial court certified appellant's right to appeal, and he now appeals the trial court's denial of his motion. In this appeal, we must decide whether evidence seized pursuant to a search warrant must be suppressed because the affidavit filed in support of the application was based solely on information

gathered by a police officer conducting an undercover investigation outside his jurisdiction. We affirm.

## I. BACKGROUND

The facts are uncontested. At the suppression hearing, appellant and the State stipulated that a City of Webster police officer, Clyde Pray, who supplied the sole affidavit in support of the request for a warrant to search appellant's premises, had conducted an investigation in Friendswood, Texas, outside the city limits of Webster. Officer Pray testified in his affidavit that he conducted an undercover investigation of the premises, located in a strip shopping center in Friendswood, after receiving information about a "possible game room containing multiple illegal gambling devices commonly referred to as 8-liners." Officer Pray testified that he rang a door bell and was invited into the premises on three occasions and played on machines that fit the definition of "gambling device" found in the Texas Penal Code. *See* Tex. Penal Code Ann. § 47.01(4). A district court in Harris County signed a search warrant authorizing the seizure of gambling devices, money, and other evidence. While Officer Pray executed the search, appellant arrived on the scene and admitted to running the operation and owning the machines. Officer Pray seized, among other things, ninety-six circuit boards and approximately $27,907 in cash.[1]

Appellant was arrested and charged by information, and the trial court denied his motion to suppress. Appellant pleaded guilty to one count of possession of a gambling device, a Class A misdemeanor, and the trial court sentenced him to one year confinement and a $500 fine, with deferred adjudication probation for one year.

---

[1] The parties also stipulated that the City of Webster is a "home rule" municipality.

2

## II. ANALYSIS

In several issues, appellant contends the trial court erred by denying his motion to suppress the evidence seized as a result of the search because Officer Pray illegally obtained the information contained in the probable cause affidavit. Appellant argues that the information was illegally obtained, and thus excludable from the probable cause affidavit under the Texas exclusionary statute, Article 38.23 of the Texas Code of Criminal Procedure,[2] because "Officer Pray did not have jurisdiction to conduct an investigation outside the City of Webster." The State agrees that the issue is whether Officer Pray's investigation was illegal: "Since the only information contained in the probable cause affidavit in this case was obtained as a result of Officer Pray's investigation, if that investigation was illegal then the evidence in this case obtained pursuant to the warrant would probably need to be suppressed."[3]

We hold that regardless of whether Officer Pray's investigation was "illegal," appellant lacks standing to invoke the Texas exclusionary statute because none of his rights were violated by Officer Pray's investigation outside his jurisdiction.

### A. Law Regarding a Police Officer's Jurisdiction

A peace officer's jurisdiction—the geographic limits of his or her authority—is controlled by common law if not specified by statute. *Meadows v.*

---

[2] *See* Tex. Code Crim. Proc. Ann. art. 38.23(a) ("No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.").

[3] *See Brown v. State*, 605 S.W.2d 572, 577 (Tex. Crim. App. 1980) ("A search warrant may not be procured lawfully by the use of illegally obtained information."); *see also State v. Aguirre*, 5 S.W.3d 911, 913–14 (Tex. App.—Houston [14th Dist.] 1999, no pet.) ("[I]f the evidence supporting the warrant was improperly obtained, the evidence obtained from executing the warrant was the fruit of an illegal search and was properly suppressed.").

*State*, 356 S.W.3d 33, 40 (Tex. App.—Texarkana 2011, no pet.); *see Angel v. State*, 740 S.W.2d 727, 732 (Tex. 1987) ("[T]he legislative expression of a peace officer's jurisdiction must be found in some other statute or be controlled by common law."), *overruled on other grounds by State v. Kurtz*, 152 S.W.3d 72, 77 (Tex. Crim. App. 2004). Under the common law, a city police officer's jurisdiction is the city's limits. *See State v. Kurtz*, 152 S.W.3d 72, 78 (Tex. Crim. App. 2004) (citing *Newburn v. Durham*, 88 Tex. 288, 289, 31 S.W. 195, 195 (1895)); *Weeks v. State*, 132 Tex. Crim. 524, 526, 106 S.W.2d 275, 275 (Tex. Crim. App. 1937); *Meadows*, 356 S.W.3d at 40; *Landrum v. State*, 751 S.W.2d 530, 531 (Tex. App.—Dallas 1988), *pet. ref'd*, 795 S.W.2d 205 (1990).

We have explained on several occasions that a "peace officer is a peace officer only while in his jurisdiction and when the officer leaves that jurisdiction, he cannot perform the functions of his office." *Garcia v. State*, 296 S.W.3d 180, 184 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (quotation omitted); *accord McCain v. State*, 995 S.W.2d 229, 234–35 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd, untimely filed) (quotation omitted). Similarly, the Court of Criminal Appeals has acknowledged that when a peace officer is outside his bailiwick, he "cannot perform the functions of his office, and he has no more authority than any other private citizen." *Ray v. State*, 44 Tex. Crim. 158, 158–59, 70 S.W. 23, 23–24 (1902) (affirming the conviction of a Fort Worth police officer for carrying a pistol in San Antonio despite the officer's claim he had gone to San Antonio "as a detective to find a suit of clothes that had been stolen" from a Fort Worth alderman; the officer's excuse "certainly gave him no authority to carry a pistol on the fair grounds into a public assembly in the city of San Antonio").

The issue of an officer acting outside his or her jurisdiction "has arisen most frequently with regard to challenges to warrantless arrests." 40 George E. Dix &

John M. Schmolesky, *Texas Practice Series: Criminal Practice and Procedure* § 7:40 (3d. ed. 2011). For example, the Court of Criminal Appeals has held that evidence obtained as a result of an officer making an arrest outside his or her jurisdiction must be suppressed under Article 38.23 when there is no statutory exception. *See Kurtz*, 152 S.W.3d at 80 (traffic stop made outside city police officer's city limits).[4]

However, appellant has not cited, and we have not found, any statute or other authority to support the proposition that all evidence obtained by an officer outside the officer's jurisdiction must be disregarded under the Texas exclusionary statute.

**B.     Appellant's Reliance on *McCain* is Misplaced**

Appellant relies primarily on *McCain v. State*, in which this court held that the trial court erred by refusing to suppress a pistol found on the defendant's property as a result of a consensual search: "The officers who searched the property and recovered the pistol were officers in the Fort Bend County Sheriff's Department, and they were unable to perform the functions of their office while they were in Wharton County." 995 S.W.2d at 234–35. However, this court noted that the consent to search was obtained ***after*** a Fort Bend County officer detained the defendant in Wharton County for questioning about a prior murder. *Id.* at 234.

---

[4] By statute, the Legislature has greatly expanded a city police officer's authority to make warrantless arrests outside the officer's jurisdiction. *See* Tex. Code Crim. Proc. Ann. art. 14.03(g)(2) ("A [city police officer] who is licensed under Chapter 1701, Occupations Code, and is outside of the officer's jurisdiction may arrest without a warrant a person who commits any offense within the officer's presence or view, except that [a city police officer] who is outside of that officer's jurisdiction may arrest a person for a violation of [the Rules of the Road in the] Transportation Code only if the offense is committed in the county or counties in which the municipality employing the peace officer is located."); *see also Kurtz*, 152 S.W.3d at 76–77 (discussing prior version of Article 14.03(g)). It would be difficult to reconcile Article 14.03(g) with appellant's argument that officers' observations outside of their jurisdictions are violations of law.

Thus, *McCain* did not hold that any evidence gathered as a result of officers performing job functions outside their jurisdiction (i.e., a consensual search) must be suppressed, but rather that the evidence was obtained "as a result of an illegal warrantless arrest conducted outside the jurisdiction of the arresting officers." *See id.* at 234. Appellant's reliance on *McCain* is misplaced.[5]

## C. Appellant Lacked Standing Under *Chavez v. State*

In *Chavez v. State*, the Court of Criminal Appeals held that the defendant lacked standing for the suppression of evidence under Article 38.23 when the officer obtained the evidence from the defendant during an undercover cocaine purchase outside the officer's jurisdiction. *See* 9 S.W.3d 817, 820 (Tex. Crim. App. 2000). In *Chavez*, five Texas counties had entered into an agreement to form a task force, which allowed a city police officer to "exercise all the powers of a police officer 'within the area covered by the jurisdiction of the parties to this Agreement.'" *Id.* at 818.[6] A city police officer employed by one of the parties to the task force agreement, Sergeant Cox, made an undercover cocaine purchase from Chavez in a county that was not a party to the task force agreement. *Id.* The trial court denied suppression of the cocaine that Chavez sold to Cox, and both the court of appeals and the Court of Criminal Appeals agreed. *Id.*[7] The court held

---

[5] The *McCain* holding remains consistent with the current version of Article 14.03(g), which only authorizes an arrest outside of the officer's jurisdiction for an offense committed "within the officer's presence or view." *See* Tex. Code Crim. Proc. Ann. art. 14.03(g)(1).

[6] The Local Government Code allows counties, municipalities, and joint airports to enter into agreements with neighboring counties, municipalities, or joint airports "to form a mutual aid law enforcement task force to cooperate in criminal investigations and law enforcement," and peace officers employed by the parties have "the additional investigative authority throughout the region as set forth in the agreement." Tex. Loc. Gov't Code Ann. § 362.002(b). Peace officers employed by the parties "may make arrests outside the county, municipality, or joint airport in which the officer is employed but within the area covered by the agreement." *Id.* § 362.002(c).

[7] The court of appeals did not rely on the standing principle. *See Chavez v. State*, 970

6

that Chavez "lack[ed] standing to complain about the seizure of the cocaine because Cox did not obtain the cocaine *in violation of appellant's rights*." *Id.* at 819 (emphasis added). Further, the cocaine would not have been "'obtained' in violation of the law had Cox acted in a purely private capacity." *Id.* at 820.

*Chavez* is controlling in this case. Appellant has failed to identify, and we cannot discern from the record, what "right" of appellant's Officer Pray violated during an undercover investigation of the game room outside his jurisdiction. Had Officer Pray acted in a purely private capacity, he could have observed the information reported in his probable cause affidavit and provided it to a magistrate; he was essentially a business invitee at the time he observed gambling devices in the game room. Thus, appellant lacks standing as a matter of law to complain about Officer Pray conducting an investigation outside his jurisdiction.[8]

---

S.W.2d 679 (Tex. App.—Eastland 1998), *aff'd*, 9 S.W.3d 817 (Tex. Crim. App. 2000). Instead, the court reasoned that the cocaine should not have been suppressed even if Cox lacked authority to conduct an investigation outside the jurisdiction of the task force agreement because "any citizen is able to report illegal activity to law enforcement officials," and "the information gathered by Sergeant Cox could have been gathered by anyone." *Id.* at 681.

[8] In *Chavez*, the court reasoned that the counties or municipalities would have standing to complain about a breach of the task force agreement. *See* 9 S.W.3d at 819. Appellant alleged in his motion to suppress that Officer Pray did not follow the proper procedure of notifying the local jurisdiction of the suspected criminal activity because he "was more concerned with the seizure of the cash located in the establishment and not to give any share to any police department with jurisdiction." Appellant did not substantiate this claim with evidence, but like in *Chavez*, if anyone had standing to complain about Officer Pray's conduct outside his jurisdiction, perhaps it would be the local law enforcement agency with jurisdiction to seize the gambling devices and proceeds. *See* Tex. Code Crim. Proc. Ann. art. 18.18 (court shall order gambling equipment and proceeds be forfeited to the state and transmitted to the grand jury, "or to the state, any political subdivision of the state, or to any state institution or agency"); Tex. Gov't Code Ann. § 2175.904 (requiring the Texas Facilities Commission to sell seized gambling equipment voluntarily transferred to it by municipalities and commissioners courts, requiring profits to be divided according to agreements with those entities and setting standards for such agreements); Tex. Local Gov't Code Ann. § 253.152(a-1) (requiring a county to remit money received from the sale of gambling devices by the Texas Facilities Commission "to the local law enforcement agency that originally seized the equipment"); *see also* Tex. Att'y Gen. Op. No. GA-0533 (2007) (suggesting that counties may dispose of seized gambling eight-liner machines

As Judge Price explained in a concurring opinion in *Chavez*, "unless someone's privacy or property interests are illegally infringed upon in the obtainment of evidence, the core rationale for [the Texas exclusionary rule] is not met and its use is unwarranted." *Id.* at 822 (Price, J., concurring). The Court of Criminal Appeals similarly explained that the purpose of Article 38.23 is "to protect a suspect's privacy, property, and liberty rights against overzealous law enforcement . . . [and] to deter unlawful actions which violate the rights of criminal suspects in the acquisition of evidence for prosecution." *Wilson v. State*, 311 S.W.3d 452, 458–59 (Tex. Crim. App. 2010). Thus, "Article 38.23(a) may not be invoked for statutory violations unrelated to the purpose of the exclusionary rule or to the prevention of the illegal procurement of evidence of crime." *Id.* at 459.

Here, appellant's argument rests upon a "violation of law" untethered to his own privacy or property rights. Specifically, appellant does not and could not contend that Officer Pray's investigation of the game room in any way violated appellant's privacy, property, or liberty rights. In other words, even if Officer Pray lost his peace-officer status when he stepped outside of his jurisdiction, appellant must nonetheless show that Officer Pray was engaging in "illegal procurement" when making the observations. *See Baird v. State*, 379 S.W.3d 353, 357 (Tex. App.—Waco 2012) (when a defendant challenges the admissibility of evidence on the ground it was wrongfully obtained by a private person, the defendant must show that the person obtained the evidence in violation of law, such as criminal trespass or breach of computer security), *aff'd*, *3*98 S.W.3d 220 (Tex. Crim. App. 2013); *see also Mayfield v. State*, 124 S.W.3d 377, 378 (Tex. App.—Dallas 2003, pet. ref'd) (rejecting appellant's argument that the hospital committed assault when it drew his blood).

themselves by sales through competitive auction or bid).

Officer Pray, acting as a private person, did not procure evidence illegally. Officer Pray did not commit a trespass; he was *invited* into the game room to play on appellant's gambling devices. Officer Pray played on the machines and stated in a probable cause affidavit that the machines fit the definition of "gambling devices." Officer Pray did not seize appellant's gambling devices before getting a warrant, and Officer Pray did not make a warrantless arrest of any person involved. Accordingly, Officer Pray's conducting an investigation outside his jurisdiction does not relate to the purpose of the exclusionary rule, and appellant lacks standing to complain about Officer Pray's extra-jurisdictional observations included in a probable cause affidavit.

Appellant's issues are overruled.[9]

## III. CONCLUSION

Having overruled appellant's issues, we affirm the trial court's judgment.

/s/     Sharon McCally
          Justice

Panel consists of Justices McCally, Busby, and Donovan.

Publish — Tex. R. App. P. 47.2(b).

---

[9] We may sustain the trial court's denial of appellant's motion to suppress when the evidence does not establish standing as a matter of law even though the issue was never considered by the parties or the trial court. *See Wilson v. State*, 692 S.W.2d 661, 671 (Tex. Crim. App. 1984) (op. on reh'g); *see also, e.g.*, *Young v. State*, 283 S.W.3d 854, 873 (Tex. Crim. App. 2009) ("If the trial court's ruling regarding a motion to suppress is reasonably supported by the record and is correct under any theory of law applicable to the case, the reviewing court must affirm.").

9